FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
WILLIAM ROBERT HERRERA, MONA
MOLINA HERRERA, Individually
and on behalf of their minor child
NOELANI PILA HERRERA, WILLIAM
RYAN HERRERA; PALMDALE LODGING
LLC, a California Limited Liability
Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT HERRERA; MONA MOLINA HERRERA, Individually and on behalf of their minor child NOELANI PILA HERRERA; WILLIAM RYAN HERRERA; PALMDALE LODGING LLC, a California Limited Liability Company, | Case No. CV16-9453<br><br>COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF<br><br>[Violation of Federal Civil Rights under 42 U.S.C. Section 1983 and 42 U.S.C. 3604, et seq.] |
| Plaintiffs, | |
| vs. | |
| CITY OF PALMDALE, a municipal corporation; COUNTY OF LOS ANGELES, a municipal corporation; BUD DAVIS; GEORGE SCHNEIDER; ROB BRUCE; NARDY LOPEZ; MARK DYLER; ANNE AMBROSE; NOEL JAMES DORAN; JAMES PURTEE; SARA SHREVES; CITY OF PALMDALE OFFICER RAPOSAS; CITY OF PALMDALE OFFICER BLAKELY; CITY OF PALMDALE OFFICER ANTHONY | |

1  BONELLI; CITY OF PALMDALE         )
2  OFFICER MARK MILLER; DEPUTY       )
   SHERIFF MUNOZ; DEPUTY SHERIFF     )
   LEON; DEPUTY SHERIFF JACOBS;      )
3  DEPUTY SHERIFF DANA; DEPUTY       )
   SHERIFF MYLES; DEPUTY SHERIFF     )
4  SORROW; DEPUTY SHERIFF DIAZ;      )
   DEPUTY SHERIFF ARCIDIANCONO;      )
5  DEPUTY SHERIFF DOLLENS; DEPUTY    )
   SHERIFF BRANDON, DEPUTY SHERIFF   )
6  GALLAGHER; DEPUTY SHERIFF WALDEN;)
   DEPUTY SHERIFF DOE 1, all such    )
7  individual defendants sued in     )
   their individual and official     )
8  capacity; DOES 2-10 INCLUSIVE,    )
                                     )
9                                    )
                                     )
10            Defendants.            )
   _____)

11        Plaintiffs WILLIAM ROBERT HERRERA, MONA

12  MOLINA HERRERA, Individually and on behalf of their minor

13  child NOELANI PILA HERRERA, WILLIAM RYAN HERRERA; PALMDALE

14  LODGING LLC, a California Limited Liability Company ("Bill

15  Herrera", "Mona Herrera", "Noelani Herrera", "WR Herrera", or

16  collectively "Plaintiffs") file this Complaint and state and

17  allege against Defendants as follows:

18                   JURISDICTION AND VENUE

19        1.   Jurisdiction of the federal court exists

20  pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343

21  (a)(3). This action, which arises under the laws and

22  Constitution of the United States, specifically, the First,

23  Fourth, Fifth and Fourteenth Amendments, which involve

24  violations of federal law pursuant to 42 U.S.C. Section 1983;

25  and 42 U.S.C. Section 3604, et seq.

26

27

28

2.  Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF PALMDALE is a public entity in this District, Defendant COUNTY OF LOS ANGELES is a public entity in this District, the individual defendants reside and are employed in this District, and the claims arose in this District.

<u>PARTIES</u>

3.  Plaintiffs Bill Herrera and Mona Herrera were at all times material herein the operators of a 48 unit motel commonly known as Motel 6 located at 217 E. Palmdale Blvd., Palmdale, California 93550 ("Motel").

4.  Plaintiffs Bill Herrera and his wife Mona Herrera, who are of Hispanic and Hawaiin Filipino, operated the motel by way of their privately owned company PL LLC, duly formed under the laws of the State olf California as a limited liability company, and which is the legal owner to the Motel and the licensee to operate the motel with the City of Palmdale.

5.  Plaintiffs Bill Herrera and Mona Herrera were at all times material herein residents at the motel residing in a private non rentable personal section of the motel with their minor child ten year old daughter Noelani Herrera, and their twenty-one year old son WR Herrera who are also who are of Hispanic and Hawaiin Filipino origin.

6.  The Motel Tenants were at all times material herein residing at the motel in the rentable units.

7.   Defendant CITY OF PALMDALE ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

8.   Defendant COUNTY OF LOS ANGELES ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

9.   Defendants BUD DAVIS; GEORGE SCHNEIDER; ROB BRUCE; NARDY LOPEZ; MARK DYLER; ANNE AMBROSE; NOEL JAMES DORAN; JAMES PURTEE; SARA SHREVES; CITY OF PALMDALE OFFICER RAPOSAS; CITY OF PALMDALE OFFICER BLAKELY; CITY OF PALMDALE OFFICER ANTHONY BONELLI; CITY OF PALMDALE OFFICER MARK MILLER were at all times material herein City officials and City employees ("City Officials") and are sued in their individual and official capacity.

10.   Defendants DEPUTY SHERIFF MUNOZ; DEPUTY SHERIFF LEON; DEPUTY SHERIFF JACOBS; DEPUTY SHERIFF DANA; DEPUTY SHERIFF MYLES; DEPUTY SHERIFF SORROW; DEPUTY SHERIFF DIAZ; DEPUTY SHERIFF MYLES; DEPUTY SHERIFF RCIDIANCONO; DEPUTY SHERIFF DOLLENS; DEPUTY SHERIFF BRANDON; DEPUTY SHERIFF GALLAGHER; DEPUTY SHERIFF WALDEN; DEPUTY SHERIFFF DOE 1 were at all times material herein County Deputy Sheriffs and employees of the LOS ANGELES COUNTY SHERIFFS DEPARTMENT ("LA Sheriffs Dept.") and such defendants are sued in their individual and official capacity ("County Sheriffs").

11.   The LA Sheriffs Dept. is the contract law enforcement agency for the City.

4

12. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10 and persons heretofore unknown involved in the actions taken against Plaintiffs and the Motel Tenants are unknown to them at this time, but are hereby sued in their individual and official capacities. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurrences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint as and when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

<u>FACTS COMMON TO ALL CLAIMS</u>

13. The motel has been operating under a valid business license with under PL LLC name since approximately June 25, 2016 when Plaintiffs Bill Herrera and Mona Herrera purchased the motel under the name of PL LLC.

14. Since purchasing the motel, Plaintiffs Bill Hererra and Mona Herrera have personally borrowed approximately $350,000 which they have invested in PL LLC to renovate and upgrade the motel.

15.    Since purchasing the motel, Plaintiffs Bill Hererra and Mona Herrera and PL LLC in upgrading the motel contracted with Motel 6 to operate as a franchisee.

16.    At all times material herein, the Motel Tenants primarily comprised of low income individuals on federal and state governmental assistance who are in part of Afro Hispanic and African-Americans; and cannot find find or afford alternative low-income housing because of their economic status.

17.    The City is replete with a serious homeless problem of individuals like the Motel Tenants who cannot find find or afford alternative low-income housing because of their economic status.

18.    The City has not adequately addressed the serious "homeless" problem in the City and the area of the motel, by way of adoption of a general plan for affordable low-income housing, or by specific zoning measures in the area where the Ross Hotel is located.

19.    On or about November 17, 2016, the City obtained a civil inspection warrant under California Code of Civil Procedure Section 1822.50, et seq. to inspect the motel for alleged violations of the City Municipal Code ("PMC"), the California Building Standards Code ("CBSC"), the California Health and Safety Code ("HSC") and other laws applicable to the motel ("IW").

20.    The IW did not authorize the City or any of its City or County contract employees, or any of the defendants, to specifically inspect Plaintiffs Bill Herrera and Mona Herrera and their childrens' personal residence which was not the target of the inspection warrant.

21.    On or about November 21, 2016, defendants, and each of them, executed the IW and descended on the motel to conduct the inspection without prior notice.

22.    In doing so, defendants, and each of them, entered Plaintiffs Bill Herrera and Mona Herrera and their childrens' personal residence with the County Deputy Sheriffs and specifically Deputy Sheriffs Sorrow, Diaz and Myles having their guns out of their holsters and took Plaintiffs Bill Herrera, their daughter Noelani Herrera and WR Herrera and held and seized and held such plaintiffs at the personal residence without liberty of movement at gunpoint for over an hour and a half while such defendants inspected and searched the personal residence including attempting to bust open a personal safe in the residence.

23.    In doing the actions referred to in paragraph 22 above, the IW did not authorize, and under California Code of Civil Procedure 1822.50, et seq. could not authorize on its face as a civil code inspection warrant procedure, the seizure of Plaintiffs Bill Herrera, their daughter Noelani Herrera and WR Herrera which would require a separate arrest or detaineee warrant.

24. At the time that defendants, and each of them, took the actions described in paragraphs 21-23 above, Plaintiff Mona Herrera was out shopping for her family and when she arrived at the motel and saw all of the defendants at the motel and was not allowed entry into her personal residence despite requesting to do so to be with her daughter Noelani Herrera.

25. At the time that defendants, and each of them, took the actions described in paragraphs 21-23 above, defendants and each of them never presented Plaintiffs with the IW until more than an one hour and a half after conducting the inspection of plaintiffs' personal residence and the motel and motel units, and in doing so the first page of the IW was missing and there was no affadavit in support of the IW attached.

26. At the time that defendants, and each of them, took the actions described in paragraphs 21-24 above, defendants and each of them also inspected the motel registry information without prior notice or plaintiffs' Bill Herrera, Mona Herrera and PL LLC's consent or an opportunity for such to first obtain judicial review.

27. In taking the actions set forth in paragraph 26 above, defendants and each of them, did so pursuant to the authority set forth in the IW which was facially invalid under the Fourth Amendment of the United States Constitution.

28. At the time that defendants, and each of them, took the actions described in paragraphs 21-23 above, defendants and each of them never presented the motel tenants with the IW and in conducting the inspection of the motel units where the motel tenants reside the defendants and each of them entered such units and searched and inspected such units without prior notice or consent of the motel tenants.

27. From the time of the inspection by defendants and each of them of plaintiffs' personal residence and the motel and motel units, plaintiffs, and in particular Plaintiff Bill Herrera, were not able to obtain the IW and the affadavit in support of the IW from the defendants who refused to do so.

28. On or about December 16, 2016, the City's outside contract City Attorneys sent to plaintiffs' counsel to this lawsuit a letter which included the IW attached but the affadavit in support of the IW was not included.

29. At the time of the inspection by defendants and each of them of plaintiffs' personal residence and the motel and motel units, no local, state or federal existed at plaintiffs' personal residence nor any violations, or substantial violations, at the motel or motel units.

30. On December 13, 2016, the City and Defendants Bud Davis, and Code Enforcement Officers Shreves, Raposas and Bonelli came onto the property without prior notice, a court order, abatement warrant or consent of the plaintiffs or

motel tenants and served Plaintiff Bill Herrera and posted on all the motel units a Notice and Order to Repair and Abate ("Notice to Abate") over four hundred (400) claimed violations of the PMC and state building and HSC codes even though such multiple violations do not exist and which included notices served and posted on all motel units for plaintiffs and the motel tenants to vacate the motel by December 15, 2016 ("Notice to Vacate").

31. In taking the actions set forth in paragraph 30 above, the motel did not exist as an emergency public nuisance requiring the City to immediately being vacated and closed on only two (2) day notice.

32. In taking the actions set forth in paragraph 30 above, the City has failed to provide plaintiffs or hold and the motel tenants to this date with an appeal hearing of the Notice to Abate and Notice to Vacate despite plaintiffs and the motel tenants filing letters with the City Clerk requesting such an appeal hearing.

33. On December 15, 2016, at approximately 2:00 p.m. the City and Defendants Bud Davis, and Code Enforcement Officers Shreves, Raposas and Deputy Sheriffs Walden and Doe 1 came onto the property without a court order, abatement warrant or consent of the plaintiffs or motel tenants and closed the motel and evicted and vacated said plaintiffs and motel tenants from the motel and the plaintiffs' personal residence and motel units.

34. Plaintiffs and the motel tenants as long term and permanent residents of the motel for over thirty (30) consecutive days are entitled under California Civil Code Section 1940(b) that residents at a residential motel may not be summarily evicted without court order under the State of California Landlord-Tenant Law and under the Fourth Amendment and Due Process Clause of the United States Constitution.

35. In taking the actions set forth in paragraph 32 above, the defendant City and Defendants Bud Davis, and Code Enforcement Officers Shreves, Raposas and Deputy Sheriffs Walden and Doe 1 did not relocate or provide relocation assisatance for said plaintiffs and motel tenants with alternative housing, rather some of the motel tenants were relocated on a temporary short term basis with a few days financial assistance to stay at other motels in the City, this despite the fact that said plaintiffs and motel tenants permanently resided at the motel.

36. From the date of November 21, 2016 after the inspection and search of the motel, by the defendants and each of them, until the present Defendant City and Bud Davis and other City officials have refused plaintiffs Bill Herrera, Mona Herera and PL LLC to do any work to upgrade or repair the motel for the alleged code violations at the motel nor allowed the issuance of permits to do so or an appeal hearing, this despite multiple requests by Plaintiff Bill Herrera and PL LLC's contractors.

37.   At all times material herein, the City, and defendants and each of them, has also taken the actions set forth in paragraphs 3-34 with the pretextual purpose of overenforcing the PMC and state codes in order to drive plaintiffs Bill Herrera and Mona Herrera out of business and close the motel and evict the motel tenants.

38.   On information and belief plaintiffs allege that at all times material herein, the City, and defendants and each of them, has also taken the actions set forth in paragraphs 3-37 with the pretextual purpose of overenforcing the PMC and state codes in order to drive plaintiffs Bill Herrera and Mona Herrera out of business and close the motel and evict the motel tenants also for the purpose of driving down the price of the motel in order to effectuate a transfer to another private developer.

38.   Subsequent to the inspection of the motel on November 21, 2016 by the defendants, and each of them, City officials including Defendant NOEL JAMES DORAN ("Doran") who is the in house City Attorney for the City, contacted the franchisor of the motel, Motel 6, without prior notice or consent of the Plaintiffs Bill Herrera and Mona Herrera and PL LLC, and informed executives at Motel 6 that the City had inspected the motel and intended to close because of numerous local and state code violations.

39.   Said City officials including Defendant Doran falsely depicted to the Motel 6 executives the condition of the motel in order to facilitate the termination of the franchise agreement entered into by Plaintiffs Bill Herrera, Mona Herrera and PL LLC and in order to facilitate the closure of the motel.

40.   On or about December 15, 2016, Motel 6 as a result of receiving the information from said City officials including Defendant Doran as set forth in paragraphs 38-39 above terminated the franchise agreement with Plaintiffs Bill Herrera, Mona Herrera and PL LLC and informed said plaintiffs that it would not return a $50,000 deposit said plaintiffs had given Motel 6 as part of the consideration for entering into the franchise agreement.

41.   Further, County officials also spoke to Motel 6 executives informing them prior to the termination of the franchise agreement of the defendants inspection of the motel and falsely depicted to the Motel 6 executives the condition of the motel in order to facilitate the termination of the franchise agreement entered into by Plaintiffs Bill Herrera, Mona Herrera and PL LLC and in order to facilitate the closure of the motel.

42. Subsequent to the time of the closure of the motel and prior to the closure of the motel on December 15, 2016, City officials, including Defendant Dora, and without prior notice or consent to Plaintiffs Bill Herrera, Mona Herrera and PL LLC, were in contact and are in contact to the present with a legal aid attorney organization ("Legal Aid") in El Monte, CA in order to have the motel tenants retain such legal aid in order to have said motel tenants demand relocation costs from said plaintiffs and not from the City.

43. As a result of the actions taken by defendants and each of them in paragraphs 3-42 above, the plaintiffs have suffered great emotional, physical and financial and economic damage.

Based on the above facts, Plaintiffs allege the following claim

<u>FIRST CLAIM FOR RELIEF</u>

(Violation of Civil Rights Under 42 U.S.C.

Section 1983 by All Plaintiffs Against All Defendants)

44. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 43, and all its subparts, inclusive, as set forth hereinabove.

45. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them,

14

acted under color of the statutes, regulations, customs and usages of the City of Palmdale and County of Los Angeles for purposes of "state action" under 42 U.S.C. Section 1983.

46.   By taking the actions hereinabove alleged in paragraphs above, defendants, and each of them, violated the constitutional and civil rights of plaintiffs, and in particular their right under the First Amendment, and in particular the "right of access" under the Petition for Grievances Clause of that Amendment and the associational rights of Plaintiffs under said First Amendment, as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution; the Fourth Amendment as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution; the Fifth Amendment of the United States Constitution, in particular that the exercise of the governmental police power be for a "public use", as incorporated by the Fourteenth Amendment of the United States Constitution, but rather was exercised in a manner to drive Plaintiffs Bill Hererra and Mona Herrera and PL LCC out of business in order to transfer the property to a private developer at a reduced price, these actions constituting a "private taking" under said amendment which further results in the unconstitutional taking of property, and even if not a "private taking" is an unconstitutional taking of property without just compensation under such amendment; the Procedural and Substantive components of Due Process Clause of the the Fourteenth Amendment of the United States

Constitution; and also in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in which other motel owners and operators simlarly situated were differentially treated.

47.   Defendants in engaging in the above-described conduct, in violating plaintiffs' constitutional and civil rights as described above, acted according to official policy, custom and practice of the Defendant City and said individual defendants are not entitled to qualified immunity.

48.   As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress and physical damages, financial and business damages to the motel and property. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have collectively suffered and continue to incur is according to proof at trial but in a sum in excess of $10,000,000.00 each against defendants, and each of them, and that they are also entitled to appropriate injunctive relief enjoing the Defendant City, and City and County officials, from closing the operation of the motel, and from evicting the plaintiffs from their personal residence. Plaintiffs are also entitled to reasonable attorneys fees under 42 U.S.C. section 1988.

<u>SECOND CLAIM FOR RELIEF</u>

(Violation of Civil Rights Under 42 U.S.C.

Section 3604, et seq. by All Plaintiffs

Against All Defendants)

49.   Plaintiff  Tenants  reallege  and  incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 48, and all its subparts, inclusive, as set forth hereinabove.

50.   Plaintiffs are further informed and believe, and based upon such information and belief alleges, that the actions of the defendants, and each of them, has had the effect  of  discriminating  against  plaintiffs  based  on  their status  based  on  race,  color  and/or  national  origin  as plaintiffs are of Hispanic and Hawaiin Filipino origin, in violation of 42 U.S.C. Section 3604, et seq., the Federal Fair Housing Act.

51.   As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue  to  suffer  extreme  hardship  and  damages,  which damages  include,  but  is  not  limited  to,  severe  emotional distress and physical damages, financial and business damages to  the  motel  and  property.   Plaintiffs  are  informed  and believe, and based upon such information and belief alleges, that the damages they have collectively suffered and continue to incur is according to proof at trial but in a sum in excess of $10,000,000.00 each against the defendants, and

each of them, and that they are also entitled to appropriate injunctive relief enjoining the Defendant City, and City and County officials, from closing the operation of the motel, and from evicting the plaintiffs from their personal residence. Plaintiffs are also entitled to reasonable attorneys fees pursuant to 42 U.S.C. 3604(b) and the Federal Fair Housing Act.

WHEREFORE, Plaintiffs and on behalf of their Motel Tenants pray judgment against Defendants, and each of them, as follows:

FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but not less than $10,000,000 for each plaintiff against each defendant;

2. For declaratory and injuntive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial but not less than $10,000,000 for each plaintiff and the motel tenants against each defendant;;

5. For declaratory and injuntive relief;

6. For attorney's fees pursuant to 42 U.S.C. 3604(b) and the Federal Fair Housing Act;

1

<u>FOR ALL CLAIMS FOR RELIEF</u>

2     7.  For costs of suit; and

3     8.  For such other and further relief as the Court

4       deems just and proper.

5   DATED: December 21, 2016     LAW OFFICES OF FRANK A.

6                                 WEISER

7

8                        By: _____

                        FRANK A. WEISER, Attorney for

9                         Plaintiffs WILLIAM ROBERT

                        HERRERA, MONA MOLINA HERRERA,

10                        Individually and on behalf of

                        their minor child NOELANI PILA

11                        HERRERA, WILLIAM RYAN HERRERA;

                        PALMDALE LODGING LLC, a

12                        California Limited Liability

                        Company

13

14               <u>DEMAND FOR JURY TRIAL</u>

15       All the named Plaintiffs hereby demand a jury trial

16 pursuant to F.R.C.P. 38.

17   DATED: December 21, 2016     LAW OFFICES OF FRANK A.

18                                   WEISER

19

20                      By: _____

                        FRANK A. WEISER, Attorney for

21                         Plaintiffs WILLIAM ROBERT

                        HERRERA, MONA MOLINA HERRERA,

22                        Individually and on behalf of

                        their minor child NOELANI PILA

23                        HERRERA, WILLIAM RYAN HERRERA;

                        PALMDALE LODGING LLC, a

24                        California Limited Liability

                        Company

25

26

27

28