SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
ANDREW C. PONGRACZ (SBN 258554)
ASHLEE P. CLARK (SBN 278672)
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871
Email: apongracz@snw-law.com

Attorneys for Defendant County of Los Angeles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT HERRERA; et al.;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PALMDALE, a municipal corporation; et al.<br><br>Defendants. | Case No.: 2:16-CV-09453 MWF (FFM)<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FILED BY COUNTY OF LOS ANGELES** |

**TO THE HONORABLE MICHAEL W. FITZGERALD, UNITED STATES DISTRICT JUDGE, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** Defendant County of Los Angeles, by and through its attorneys of record, hereby submits the following reply in support of its Motion to Dismiss Plaintiff's First Amended Complaint.

## TABLE OF CONTENTS

I. THE COUNTY SHERIFF'S DEPUTIES ARE EXPRESSLY AUTHORIZED TO ASSIST CITY CODE ENFORCEMENT ... 3

II. PLAINTIFF DOES NOT ALLEGE DEPUTIES ENTERED ANY PRIVATE AREA ON DECEMBER 13 OR 15 TO POST NOTICES ... 4

III. PLAINTIFFS SHOULD BE ESTOPPED FROM DISPUTING THE EXIGENCY OF THE SITUATION ... 5

IV. PLAINTIFFS' ARGUMENT ABOUT THE CONSTITUTIONALITY OF THE STATUTORY SCHEME SUPPORTS THE COUNTY'S IMMUNITY ... 6

V. PLAINTIFFS CONFLATE THE COUNTY'S ARGUMENTS REGARDING THEIR VARIOUS CLAIMS ... 6

VI. THE COUNTY INCORPORATES THE ARGUMENTS IN THE CITY'S REPLY ... 7

VII. CONCLUSION ... 7

# MEMORANDUM OF LAW

## I. THE COUNTY SHERIFF'S DEPUTIES ARE EXPRESSLY AUTHORIZED TO ASSIST CITY CODE ENFORCEMENT

Plaintiffs take issue with the City of Palmdale's actions in December 2016 as it relates to Plaintiffs' property and argue that those actions amount to civil rights violations. *See generally, Plaintiffs' Opposition* (Doc. 83, 8:14-19). They argue that the December 13, 2016 Notice to Repair or Abate and subsequent actions violated Plaintiffs' fourth amendment rights. Id. However, Plaintiffs overlook the California Health and Safety Code that the City cites in its notice and which plainly authorizes both the City's actions and the County Sheriff (peace officers) to accompany the City in performing its code enforcement functions.

*California Health and Safety Code* section 17980 et seq codifies the rights of municipalities such as the City of Palmdale to enforce building, zoning and other health and safety regulations within its jurisdiction. The California Supreme Court has explained:

> Sections 17980.6 and 17980.7 of the Health and Safety Code compose a statutory scheme providing certain remedies to address substandard residential housing that is unsafe to occupy. Pursuant to section 17980.6, an enforcement agency may issue a notice to an owner to repair or abate property conditions that violate state or local building standards and substantially endanger the health and safety of residents or the public. Section 17980.7 provides that, if the owner fails to comply with the notice despite having been afforded a reasonable opportunity to do so, the enforcement agency may seek judicial appointment of a receiver to assume control over the property and remediate the violations or take other appropriate action. *City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 912, fn. omitted.)

The City of Palmdale, acting pursuant to a lawfully issued inspection warrant (Ex A to City's RFJN (Doc. 77 and 78-1, pp. 1-8)) gave Plaintiffs notice of 427 separate code violations on the subject property. (Ex B to RFJN) In its Notice, the City of Palmdale made a finding that "the unlawful conditions on the Subject Property, including those identified herein, pose an immediate threat and danger to the lives, health and safety of the public and occupants of the Subject

Property. (Doc 78-1, p.63)  There is a statutory framework for both the municipality and the property owner to initiate litigation in certain circumstances within that framework.  Indeed, as both the City and County have pointed out in their motions, there is pending litigation in the Superior Court regarding the property.

The County, acting through its Sheriff's Deputies, complied with the Court order to accompany City personnel in its enforcement efforts.  Plaintiffs do not allege that the County actually seized its property, but only that its deputies were present when the City did so.

The *California Health and Safety Code*, the Warrant of the Superior Court (Ex A) and the Notice and Order of the City of Palmdale (Exs B and C) all support a reasonable deputy's understanding that they were lawfully executing the laws of the State of California in their actions.

## II.     PLAINTIFF DOES NOT ALLEGE DEPUTIES ENTERED ANY PRIVATE AREA ON DECEMBER 13 OR 15 TO POST NOTICES

Plaintiffs cite and rely on *Conner v City of Santa Ana* ( (1990) 897 F.2d 1487) to support their argument that defendants violated the fourth amendment.  However, *Conner* is distinguishable from this case.  There, city enforcement officers entered private property to tow cars that were in violation of city ordinances.  In affirming summary judgment for the homeowner on the unlawful search and seizure claim, the Court explained that it was the invasion into private property not open to the public that was at the core of the ruling.  *Conner* 897 F.2d at 1490.  The quote from the Supreme Court in *Conner* reads

> The decisions of [the Supreme] Court firmly establish that the Fourth Amendment extends beyond the paradigmatic entry into a private dwelling by a law enforcement officer in search of the fruits or instrumentalities of crime. As this Court stated in Camara v. Municipal Court, 387 U.S. 523, 528 [87 S.Ct. 1727, 1730, 18 L.Ed.2d 930], the "basic purpose of this Amendment ... is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." The officials may be health, fire, or building inspectors. Their purpose may be to locate and abate a suspected public nuisance, or simply to perform a routine periodic inspection. The privacy that is invaded may be sheltered by the walls of a warehouse or other

commercial establishment not open to the public. See v. Seattle, 387 U.S. 541 [87 S.Ct. 1737, 18 L.Ed.2d 943]; Marshall v. Barlow's, Inc., [436 U.S. 307], at 311–313 [98 S.Ct. 1816, 1819–21, 56 L.Ed.2d 305]. These deviations from the typical police search are thus clearly within the protection of the Fourth Amendment.

Clearly the 427 violations cited by the City required entry into the rooms and private areas of the motel. However, Plaintiff does not allege that the Deputies entered any area not open to the public in their actions of December 13 and 15. Indeed, quite to the contrary, Plaintiff alleges that the notices were placed on doors, etc. (FAC, ¶¶30-33) The documents submitted by the City in its RFJN make it clear that it was the City that was taking actions pursuant to the Health and Safety code and other ordinances, not the County. And while deputies were there to keep the peace, there is no allegation or evidence that the County's Deputies searched or seized anything. Therefore the allegations are insufficient to establish a fourth amendment violation based on the reasoning of *Conner*.

### III. PLAINTIFFS SHOULD BE ESTOPPED FROM DISPUTING THE EXIGENCY OF THE SITUATION

Plaintiffs argue that because they allege that the condition of the property did not constitute an emergency that defendants could not treat it as such. (Doc. 83, p.13:7) However, the Health and Safety Code is clear that the determination of whether or not an emergency exists rests with the City. *Health and Safety Code* §§17980, 17980.1, 17980.8. Section 17980.8 states in part,

> Notwithstanding any other provision of law, if a determination that an unsafe or substandard condition exists in any building, or upon the lot upon which it is situated, has been made in an administrative proceeding conducted under this part, including any code incorporated by Section 17922, the enforcement agency may abate the nuisance as provided in this part or exercise any other authority conferred upon it by this part, subject only to the exclusive remedy of the owner to challenge the administrative determination pursuant to Section 1094. 5 of the Code of Civil Procedure. The court may exercise its independent judgment on the evidence to determine whether the findings are supported by the weight of the evidence.

Here, Plaintiffs did not initiate any proceeding pursuant to section 1094.5 to challenge the City's administrative finding of an immediate threat. Therefore,

Plaintiffs should not now be able to "allege away" the exigency upon which the City acted.

## IV. PLAINTIFFS' ARGUMENT ABOUT THE CONSTITUTIONALITY OF THE STATUTORY SCHEME SUPPORTS THE COUNTY'S IMMUNITY

Plaintiffs argue that the statutory code enforcement scheme is unconstitutional. (Doc. 84, p. 14:6 et seq) However, it was the City's adherence to the scheme that gave the County's Deputies a reasonable belief that their actions were lawful (and would give any reasonable deputy such a belief). That is exactly why the doctrine of Qualified Immunity exists. If Plaintiffs want to challenge the statutory scheme itself, they can do so. However, when Sheriff's Deputies are not on notice that their actions would violate the constitution, they are entitled to qualified immunity.

## V. PLAINTIFFS CONFLATE THE COUNTY'S ARGUMENTS REGARDING THEIR VARIOUS CLAIMS

Plaintiffs discuss several key arguments in cursory fashion on page 26 of their opposition.[1] First, they argue that Qualified Immunity does not apply to *Monell* claims. This is true. However, the County's argument regarding *Monell* is that Plaintiffs have not alleged any unconstitutional policy, practice or custom of the County to support a *Monell* claim. Such a claim cannot be based on a single incident. Moreover, the County is not arguing that the *Health and Safety Code* immunizes the County from a 1983 claim, but rather that its deputies were acting in accordance with state law. Indeed, the County is not a "person" for purposes of a section 1983 claim and the only way to sue the County under section 1983 is through *Monell*.

---

[1] Local Rule 11-6 sets a page limit of 25 pages for briefs. These arguments are addressed in the event the Court is inclined to consider the arguments beyond page 25.

## VI. THE COUNTY INCORPORATES THE ARGUMENTS IN THE CITY'S REPLY

Rather than restate large portions of the City's reply (Doc. 84) herein, the County respectfully incorporates and points and authorities cited by the City in its reply to Plaintiffs' opposition (to the extent they touch on the same issues in both motions).

## VII. CONCLUSION

For the foregoing reasons Defendant County of Los Angeles respectfully requests that this Court abstain from these proceedings pursuant to *Younger* or, in the alternative, dismiss Plaintiffs' First Amended Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).

Dated: May 1, 2017

Respectfully Submitted,
SEKI, NISHIMURA & WATASE, LLP

By: *Andrew C. Pongracz*
GILBERT M. NISHIMURA
ANDREW C. PONGACZ
ASHLEE P. CLARK
Attorneys for Defendants