UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 16-09453-MWF (FFMx)     Date: May 16, 2017
Title:    William Robert Herrera, et al. -v- City of Palmdale, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER GRANTING MOTIONS FOR ABSENTION [76] [79]

    Before the Court are two motions (collectively, the "Motions"). On April 13, 2017, Defendant City of Palmdale ("Palmdale") filed a Motion for Abstention, or, in the Alternative, Motion to Dismiss Plaintiffs' First Amended Complaint (the "Palmdale Motion"). (Docket No. 76). On April 25, 2017, Plaintiffs William Herrera, Mona Herrera, individually and on behalf of her minor child N.P.H., William Herrera Jr., and Palmdale Lodging, LLC filed an Opposition. (Docket No. 82). On May 1, 2017, Palmdale replied. (Docket No. 84).

    On April 14, 2017, Defendant County of Los Angeles ("LA County") filed a Motion to Dismiss Plaintiffs' First Amended Complaint (the "LA County Motion"). (Docket No. 79). Plaintiffs filed their opposition on April 25, 2017. (Docket No. 83). On May 1, 2017, LA County filed its Reply. (Docket No. 85).

    The Court reviewed and considered the papers submitted on both Motions and held a hearing on **May 15, 2017.**

    The Motions are **GRANTED.** Although the Motions raise a number of grounds for dismissal, at this point the Court need only consider the request for abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Applying the principles set out in *Younger*, the Court concludes that this action is the rare case in which abstention is appropriate. Plaintiffs' claims for declaratory and injunctive relief must be dismissed;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-09453-MWF (FFMx)          **Date:** May 16, 2017
**Title:** William Robert Herrera, et al. -*v*- City of Palmdale, et al.

Plaintiffs' claims for damages must be stayed pending resolution of the proceedings in Superior Court.

## I. BACKGROUND

The First Amended Complaint ("FAC") (Docket No. 74) alleges the following facts, which the Court takes as true and construes in the light most favorable to Plaintiffs. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

Additionally, Palmdale requests that the Court take judicial notice of certain documents referenced in the complaint and/or issued pursuant to state court proceedings. (*See* Palmdale's Request for Judicial Notice ("RJN") (Docket No. 77)). These documents are:

1. **Inspection Warrant No. IWOOO66-16** (the "Inspection Warrant"), signed by Judge Lisa Manguy Chung and issued on November 17, 2016, in the Los Angeles County Superior Court for inspection of Plaintiffs' property (RJN, Ex. A (Docket No. 78-1));
2. **Notice and Order to Repair or Abate** (the "Notice & Order"), issued by Palmdale on December 13, 2016, regarding the inspection of Plaintiffs' property (RJN, Ex. B (Docket No. 78-1));
3. **Notice to Vacate the Subject Property by December 15, 2016** (the "Notice to Vacate"), issued by Palmdale on December 13, 2016 regarding Plaintiffs' property (RJN, Ex. C (Docket No. 78-2));
4. **Complaint for Nuisance Abatement and Receivership of the Subject Property** (the "Nuisance Complaint"), filed by the City of Los Angeles against Defendants Palmdale Lodging LLC, Hospitality Franchise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-09453-MWF (FFMx)      Date: May 16, 2017
Title:     William Robert Herrera, et al. -v- City of Palmdale, et al.

    Services, Inc., and William Herrera, in Case No. MC026853 (the "State Action") (RJN, Ex. D (Docket No. 78-2));
5. **Proofs of Service** showing that Hospitality Franchise Services, Inc., and William Herrera were served with the Summons and Complaint in the State Action on February 15 and 16, 2017, respectively (RJN, Ex. E (Docket No. 78-2));
6. **Notice of Ruling** in the State Action regarding the City of Los Angeles' March 23, 2017 *Ex Parte* Application to Appoint a Receiver (RJN, Ex. F (Docket No. 78-2));
7. **Opposition of William Herrera and Palmdale Lodging, LLC to the City's *Ex Parte* Application** (the "State Court *Ex Parte* Opposition"), filed March 14, 2017 (RJN, Ex. G (Docket No. 78-2)).

    These documents are proper subjects of judicial notice. *See* Fed. R. Evid. 201; *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 756 n.1 (9th Cir. 2014) (taking judicial notice of documents in related state court action); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (explaining that district courts have discretion to consider documents incorporated into the Complaint by reference); *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." (quoting *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)). Plaintiffs do not oppose Palmdale's request. Accordingly, the Request for Judicial Notice is **GRANTED.**

    Plaintiffs Bell Herrera and his wife, Mona Herrera, operate a 48-unit motel located in Palmdale, California. (FAC ¶ 3). The motel is owned by Palmdale Lodging LLC, a privately owned company formed by the Herreras, which Palmdale has licensed to operate the motel. (*Id.* ¶ 4). Palmdale Lodging LLC purchased the motel on June 25, 2016, and subsequently the company contracted with Motel 6 to operate the motel as a franchise. (*Id.* ¶¶ 13–15, 58). The Herreras and Palmdale Lodging, LLC spent about $250,000 to upgrade and renovate the hotel. (*Id.* ¶ 57). They also evicted problem tenants who had previously been the source of crime at the motel. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-09453-MWF (FFMx)          **Date:** May 16, 2017
**Title:** William Robert Herrera, et al. -*v*- City of Palmdale, et al.

     These efforts were necessary because the motel was previously owned and operated for many years by an individual Plaintiffs know by the name Mahli. (FAC ¶ 52). Plaintiffs allege that Mahli allowed crime to flourish at the motel, and allowed the property to deteriorate physically over time. (*Id.*). Despite these problems, neither Palmdale nor LA County took any action against Mahli to enforce health, safety, and building codes. (*Id.* ¶ 53). Plaintiffs contend that once Palmdale Lodging, LLC, purchased the motel, LA County deputy sheriffs began to harass motel tenants on a daily basis. (*Id.* ¶ 60).

     On November 17, 2016, Palmdale obtained a civil inspection warrant (the Inspection Warrant referenced above) under California Code of Civil Procedure section 1822.50, *et seq.*, to investigate the extent of various suspected violations of the Palmdale Municipal Code, the California Building Code, the California Health and Safety Code, among other laws applicable to the motel. (FAC ¶ 19; RJN, Ex. A). On November 21, 2016, Palmdale and LA County executed the Inspection Warrant. (*Id.* ¶ 21). Plaintiffs allege that the Inspection Warrant was executed without notice and without specific permission to search the Herreras' personal residence, which is located within the motel. (*Id.* ¶¶ 20–22). LA County sheriffs allegedly held Plaintiffs at gunpoint for over an hour and a half while the motel and personal residence were inspected. (*Id.* ¶ 22). Plaintiffs further allege that the Inspection Warrant was facially invalid under the Fourth Amendment to the United States Constitution, and that they did not receive the Inspection Warrant until December 16, 2016. (*Id.* ¶¶ 27–28).

     On December 13, 2016, Palmdale issued the Notice & Order, which identified more than 400 violations on the property. (FAC ¶ 30; *see generally* RJN, Ex. B). The Notice & Order required the violations be repaired or abated in 30 days, *i.e.* by January 12, 2017, and required Plaintiffs and all motel tenants to vacate by December 15, 2016. (FAC ¶ 30; Notice & Order at 6; RJN, Ex. C). Plaintiffs were not afforded an opportunity to appeal the Notice & Order. (FAC ¶ 32).

     On December 15, 2016, representatives of Palmdale and the LA County Sheriff's Department closed the motel and evicted Plaintiffs and the motel tenants. (FAC ¶ 33). Plaintiffs and the motel tenants were not afforded relocation services or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-09453-MWF (FFMx)          **Date:** May 16, 2017
**Title:** William Robert Herrera, et al. -*v*- City of Palmdale, et al.

financial assistance with the relocation. (*Id.* ¶ 35). Plaintiffs also contend that they were prevented from remediating the violations recorded in the Notice & Order, despite multiple requests. (*Id.* ¶ 36).

On December 21, 2016, Plaintiffs filed their Complaint in this Court, alleging a plethora of civil rights violations under 42 U.S.C. § 1983, and violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* (Docket No. 1).

On January 30, 2017, Palmdale filed its Nuisance Complaint in the Los Angeles County Superior Court against Plaintiffs William Herrera and Palmdale Lodging, LLC, as well as Hospitality Franchise Services, Inc., which is not a Plaintiff in this action (collectively, the "State Court Defendants"). (*See* RJN, Ex. D). Palmdale served the State Court Defendants in the State Action between February 14 and 16, 2017. (RJN, Ex. E).

Plaintiffs have filed no proofs of service as to the Defendants in this action; Palmdale asserts in its brief that it was served on February 15, 2017. (Palmdale Mot. at 3). LA County does not contest that it was properly served, but asserts that none of the individually-named Defendants employed by LA County have been served *at all*. (LA Cty. Mot. at 10). On March 27, 2017, Plaintiff filed the FAC in this action. (Docket No. 74). None of the Palmdale employees who are individually named Defendants have been served with the FAC. (Palmdale Mot. at 3).

Meanwhile, the parties have continued to litigate the State Action. Palmdale filed an Ex Parte Application for Appointment of a Health and Safety Receiver ("Application for Appointment of a Receiver"), which the State Court Defendants opposed on March 14, 2017. (RJN, Ex. G). On March 23, 2017, Palmdale and the State Court Defendants appeared in Los Angeles County Superior Court (the Honorable James C. Chalfant) for a hearing on the Ex Parte Application. (*Id.*). The Superior Court provisionally appointed Mark Adams of the California Receivership Group to serve as the court's expert in inspecting the motel; Adams was directed to file a report as to the condition of the motel with the court. (*Id.*). The State Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-09453-MWF (FFMx)				Date:  May 16, 2017
Title:	William Robert Herrera, et al. -v- City of Palmdale, et al.

Defendants were permitted to attend with their inspector, and Palmdale to attend with its inspector.  (*Id.*).

The Superior Court set a hearing on Palmdale's Motion to Appoint a Health and Safety Receiver (the "Motion to Appoint") for May 18, 2017.  (*Id.*).

## II.	DISCUSSION

Both Palmdale and LA County contend that the Court should abstain from adjudicating Plaintiffs' claims under *Younger*.  Because the Motions assert essentially the same arguments for abstention, and because the Oppositions are almost exact duplicates, the Court will consider both Motions together.

Under *Younger*, a federal court must abstain from enjoining civil state court proceedings when they are akin to criminal prosecutions or when granting an injunction would implicate the state's interest in enforcing the orders and judgments of its courts.  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).  *Younger* abstention "is a jurisprudential rather than a jurisdictional question; it 'does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction [where particular kinds of state proceedings have already been commenced].'"  *Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson*, 48 F3d 391, 394 n. 3 (9th Cir. 1995) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 US 619, 626 (1986)).

"A federal court must abstain to avoid interference in a state-court civil action when three tests are met. First, the proceedings must implicate important state interests; second, there must be ongoing state proceedings; and third, the federal plaintiff must be able to litigate its federal claims in the state proceedings." *M&A Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005).  The Court concludes that all three tests are met in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-09453-MWF (FFMx)                     Date:  May 16, 2017
Title:       William Robert Herrera, et al. -v- City of Palmdale, et al.

### A. Important State Interests

The Supreme Court has previously determined that nuisance litigation is quasi-criminal in nature, and thus implicates important state interests. In *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), the Supreme Court considered whether *Younger* abstention applied to a civil action brought by the state against a cinema that showed pornographic films. *Id.* at 599. The Court determined that because in a nuisance action the state is a party to the litigation, the underlying interests are closely related to criminal statutes, and nuisance laws seek "to obtain compliance with precisely the standards which are embodied in [the state's] criminal laws," nuisance litigation is quasi-criminal in nature, and *Younger* applies. *Id.* at 604–05.

The Ninth Circuit has since applied *Huffman* to uphold abstention under *Younger* in cases for enforcement of state or municipal nuisance laws. *See Woodfeathers, Inc. v. Washington Cty., Or.*, 180 F.3d 1017, 1021 (9th Cir. 1999) ("Civil actions brought by a government entity to enforce nuisance laws have been held to justify Younger abstention.") (holding that civil enforcement of county's solid waste ordinance implicates important state interests under *Younger*); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir. 1987) (enforcing nuisance law, which was "in aid of and closely related to Tempe's zoning ordinance and akin to a criminal prosecution, clearly involve[d] an important state interest").

Here, the State Action was brought pursuant to California Health and Safety Code sections 17980 *et seq.* (Nuisance Complaint ¶¶ 27–28), which provide a process by which a municipal entity may take legal title to real property from the owner, and place it with a court-appointed receiver for the purposes of cleanup and abatement of hazards. The procedure set forth in Health and Safety Code section 17980.6 provides for the posting of an order or notice to repair or abate in any residential property. *Id.* Here, the Notice & Order documented more than 400 alleged violations of multiple California codes and ordinances, all promulgated to protect the health and safety of residents and the public. (*See generally* Notice & Order). The purposes of the statute are closely tied to the underlying interests of California and Palmdale's criminal laws

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-09453-MWF (FFMx)                Date:  May 16, 2017
Title:    William Robert Herrera, et al. -v- City of Palmdale, et al.

and ordinances, and thus the action is quasi-criminal.  Even if it were not, Palmdale and LA County's interests in reducing slum-like conditions are sufficiently important to justify abstention under *Younger*.

Plaintiffs contend that the constitutional claims in this action are not relevant to the abatement of a public nuisance.  (Opp. at 25).  Not so.  The very proceedings that Plaintiffs challenge arise out of Palmdale and LA County's efforts to appoint a receiver to abate what those Defendants allege is a public nuisance.  (*See, e.g.*, Nuisance Compl. ¶ 29 ("The Subject Property contains numerous extensive violations of law, which substantially endanger the health and safety of residents and the public . . . .").

Plaintiffs also contend that "there [is no] case law that even suggests that *Younger* can be applied to a [Fair Housing Act] claim."  (Opp. at 25).  But *Younger* does not look to the underlying claim.  Instead, it looks to the requested relief.  Here, granting Plaintiffs' request for injunctive and declaratory relief under the Fair Housing Act would halt the State Action just as effectively as granting Plaintiffs' request for equitable relief under § 1983.  *Younger* applies to both claims equally.

Accordingly, the Court concludes that the first test is met.

**B.     Ongoing State Proceedings**

In *Hicks v. Miranda*, 422 U.S. 332 (1975), the Supreme Court held that "where state . . . proceedings are begun . . . after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force."  *M&A Gabaee*, 419 F.3d at 1039 (quoting *Hicks*, 422 U.S. at 349).  In the context of a request for *Younger* abstention, even a motion for preliminary relief does not qualify as a "proceeding of substance" in federal court.  *Id.* at 1041.  Here, Plaintiffs have not even served all of the Defendants with process, and the current Motions are the first motions of any substance that the Court has considered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-09453-MWF (FFMx)           **Date:** May 16, 2017
**Title:** William Robert Herrera, et al. -*v*- City of Palmdale, et al.

Meanwhile, on March 23, 2017, the Superior Court held a hearing on Palmdale's ex parte Application for Appointment of a Receiver in the State Action; an inspection was ordered; and a second hearing on Palmdale's Motion to Appoint a Health and Safety Receiver is scheduled for May 18, 2017. (Notice of Ruling at 1). State proceedings are clearly ongoing. In contrast, no proceedings of substance on the merits have taken place in federal court.

Accordingly, the Court concludes that the second test is met.

### C.     Ability to Litigate Federal Claims in State Proceedings

As for the third test, "*Younger* requires no more than an opportunity for the presentation of federal constitutional claims in the state proceeding . . . ." *Gilbertson v. Albright*, 381 F.3d 965, 972 (9th Cir. 2004) (en banc).

Plaintiffs contend that they have reserved their federal claims in the State Court Action under *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 417 (1964). An *England* reservation permits a state court litigant, particularly in cases where a district court has abstained from adjudicating an issue under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), to reserve his or her federal claims for adjudication in the district court. *England*, 375 U.S. at 420–21. As discussed below, the *England* reservation is available to Plaintiffs only as to their claims for damages, and does not preclude the Court from concluding that the third test is met.

In the briefing, Plaintiffs point to no reason why the named defendants in the State Court proceedings would not have the opportunity to raise their federal constitutional claims in the State Action. At the hearing, however, counsel for Plaintiffs argued that under the Supreme Court's decision in *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 545 U.S. 323 (2005), Plaintiffs' reserved claims could be precluded as to any issues in which California law is interpreted coextensively with federal law. In *San Remo*, the Supreme Court upheld the Ninth Circuit's opinion that even an *England* reservation cannot "negate the preclusive effect of the state-court judgment with respect to any and all federal issues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-09453-MWF (FFMx)           Date: May 16, 2017
Title:      William Robert Herrera, et al. -v- City of Palmdale, et al.

that might arise in the future federal litigation." *Id.* at 338. Plaintiffs' counsel argued that the fact that certain issues might be precluded due to the state court litigation counsels against finding that the third test is met.

But whether certain issues may be precluded at the conclusion of the state court proceedings is irrelevant to whether Plaintiffs have a fair opportunity to present their federal claims in the state proceeding. Indeed, the possibility that certain issues may be precluded only reinforces that Plaintiffs will have the opportunity to air their federal claims in state court, should they choose to do so. If anything, *San Remo* supports the Court's conclusion that the third test is met.

Finally, Plaintiffs contend that *Younger* cannot apply to Plaintiffs Mona Herrera and her children, who are not named defendants in the State Action. (Opp. at 25). *Younger* does not require an identity of parties, however; it is enough that the parties have the opportunity to pursue their claims in the related State Action.

In *Dortch v. Reid*, No. CV 14-1983-CAS(VBK), 2015 WL 179791 (C.D. Cal. Jan. 12, 2015), the district court considered a similar situation: family members challenged their detention by the Murrieta Police Department under the Fourth Amendment. *Id.* at *1. At the time the First Amended Complaint was filed, criminal proceedings against Plaintiff David Allen Dortch were ongoing. *Id.* at *6. The district court held that even though only Dortch was involved in the ongoing criminal proceedings, the claims of the entire family were "based on the same operative facts" and thus "[a]n adjudication of the other family members' claims . . . risks interfering with the state criminal case in the manner prohibited by *Younger*." *Id.* at *7. "Moreover, permitting family members to litigate their claims on a piecemeal basis would not promote judicial economy and would create a risk of inconsistent results in the instant case." *Id.*

The same is true in this action. Granting injunctive or declaratory relief to Mona Herrera and her children would interfere with the pending State Action for exactly the same reasons and in exactly the same way as would granting relief to William Herrera or Palmdale Lodging, LLC. The necessary implication of this decision, of course, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-09453-MWF (FFMx)        Date:  May 16, 2017
Title:  William Robert Herrera, et al. -*v*- City of Palmdale, et al.

that if William Herrera is able to obtain an injunction in the State Action, that injunction would benefit Mona Herrera and the children just as fully.  And, as is discussed in greater detail below, none of the Plaintiffs will lose the opportunity to pursue their claims for damages, as those are properly stayed pending resolution of the State Action.  Therefore, the Court concludes that all of the Plaintiffs have an adequate opportunity to raise their equitable federal claims in the State Action.

In sum, the Court concludes that *Younger* abstention is appropriate in this action.

### D.     Dismissal or Stay, and Reservation of Claims

In *Gilbertson*, the Ninth Circuit, sitting en banc, clarified that *Younger* abstention applies to actions for damages in addition to the more traditional application of the doctrine, *i.e.*, to actions for injunctive or declaratory relief.  381 F.3d at 968 (applying *Younger* principles to claim for damages under § 1983).  The Ninth Circuit added, however, that while actions at equity should be dismissed under *Younger*, "damages actions should be stayed until the state proceedings are completed."  *Id.*

The Ninth Circuit reasoned that entering a stay as to damages claims is good policy because "[i]t allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists . . . ."  *Id.* at 980 (quoting *Deakins v. Monaghan*, 484 U.S. 193 (1988)).  "In other words, because in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings, the federal court cannot simply dismiss the action and require the plaintiff to assert all of his claims in the state court."  *Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 689 (9th Cir. 2009).

Similarly, an *England* reservation is only available where the federal court postpones (rather than declines) jurisdiction.  *See Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 688 (9th Cir. 2009).  In *Los Altos*, the Ninth Circuit clarified that entering a stay as to damages claims eroded the traditional reasoning for refusing to permit *England* reservations when a court chose to abstain under *Younger*.  *Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-09453-MWF (FFMx)  Date:  May 16, 2017
Title:  William Robert Herrera, et al. -v- City of Palmdale, et al.

689–90.  Accordingly, in *Los Altos*, where the plaintiff sought damages and the district court "quite properly" stayed the proceedings pending the final decision of the California courts, the Ninth Circuit held that the district court erred in determining that an *England* reservation was not permissible.  *Id.*

Here, Plaintiffs seek injunctive relief, declaratory relief, and damages.  (FAC, Prayer for Relief ¶¶ 1–8).  Pursuant to *Gilbertson*, Plaintiffs' claims for injunctive and declaratory relief are **DISMISSED**, and Plaintiffs' damages claims are **STAYED** pending exhaustion of Plaintiffs' remedies in the State Action.  *See Huffman*, 420 U.S. at 608 (requiring plaintiffs subject to *Younger* to exhaust "state appellate remedies" before pursuing their claims in the federal district courts).  Pursuant to *Los Altos*, Plaintiffs' *England* reservation is permissible only as to its claims for damages.  To the extent that the claims are not otherwise barred, Plaintiffs may pursue their requests for injunctive and declaratory relief in the State Action.

### III.  CONCLUSION

For the foregoing reasons, the Palmdale Motion and the LA County Motion are **GRANTED**.  Plaintiffs' claims are **DISMISSED** inasmuch as they request injunctive or declaratory relief.  Plaintiffs' claims for money damages are **STAYED** pending Plaintiffs' exhaustion of their state remedies, including appellate remedies.  The parties shall submit a Joint Status Report on **August 7, 2017**, and every 90 days thereafter, until the conclusion of the State Action.

IT IS SO ORDERED.