FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
WILLIAM ROBERT HERRERA, MONA
MOLINA HERRERA, Individually
and on behalf of their minor child
NOELANI PILA HERRERA, WILLIAM
RYAN HERRERA; PALMDALE LODGING
LLC, a California Limited Liability
Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM ROBERT HERRERA; MONA MOLINA HERRERA, Individually and on behalf of their minor child NOELANI PILA HERRERA; WILLIAM RYAN HERRERA; PALMDALE LODGING LLC, a California Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PALMDALE, a municipal corporation; COUNTY OF LOS ANGELES, a municipal corporation; et al., <br><br> Defendants. | Case No. CV16-09453 MWF-MAR <br><br> **OPPOSITION TO MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS; DECLARATION OF FRANK A. WEISER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: August 17, 2022 <br> TIME:  10:00 a.m. <br> CTRM: 790 |

### DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Plaintiffs WILLIAM ROBERT HERRERA, MONA MOLINA HERRERA, Individually and on behalf of their minor child NOELANI PILA HERRERA, WILLIAM RYAN HERRERA; PALMDALE LODGING LLC, a California Limited Liability Company ("Plaintiffs"), and I make this declaration in support of the instant opposition to the motion for an order to compel discovery and for sanctions.

2. I have had family medical issues primarily with my wife who was hospitalized twice, on September 4, 2021 and September 11, 2021, and the passing of my wife's sister and my wife's severe reaction by my wife to the Covid 19 booster shot that has caused a serious backlog in my heavy trial and appellate calendar.

3.. On September 4, 2021, my wife Susan Weiser was admitted to Cedars-Sinai Medical enter on an emergency basis because of an arythmia of the heart and weakness which appears to be the result of pneumonia from a severe lung infection or inflammation.

4. My wife was released from Cedars-Sinai on the evening of September 9, 2021 but had to be readmitted to Cedars-Sinai again on an emergency basis on September 11, 2021 after she fainted at our home on such date.

5. She also underwent a removal of fluid at Cedars from her left lung multiple times and on September 17, 2021 underwent exploratory laproscopic surgery of the lung and to renove a cyst that was found in an x-ray and to take a biopsy.

6. My wife was released on September 23, 2021, and is presently at home.

7.  Because of my wife's  hospitalization, I  have also  had to make  multiple

requests from various courts for extensions of time to either file briefs or other relief.

8. On September 26, 2021, I sought a <u>second</u> ex-parte application of time to file

reply brief in support of a Rule 50 and 59 post-trial motions from the Honorable John W.

Holcomb in the case of <u>Efficient Task Limited v Pacific Bridge Global, Inc</u>., USDC Case No.

CV18-01999-JWH-DFM. (Civil Docket No. 84).

9. The unopposed application before Judge Holcomb was based on my wife's

hospitalization, and was graciously granted.   (Civil Docket No. 85). A copy of Judge

Holcomb's Order is attached hereto as Exhibit "A".

10. On October 4, 2021, I filed an ex-parte application once agaon before Judge

Holcomb to enlarge time to file a motion for entry of default judgment in a case entitled <u>Phillip</u>

<u>Elghanian v City of Victorville, et al.</u>, USDC Case No. CV21-00382-JWH-DFM, once again

on the basis of my wife's recent hospitalization, and Judge Holcomb granted the application

and discharged his Order to Show Cause re: Dismissal finding **"good cause"** (Civil Docket

Nos. 37, 39, 43). A copy of Judge Holcomb's order in the <u>Elghanian</u> case is attached  hereto

as Exhibit "B".

11.  On October 1, 2021, the Ninth Circuit granted my unopposed motion for leave to

file the opening brief in the case of <u>Sanjay Patel, et al. v City of South El Monte</u>, Ninth Circuit

Case No. 21-55546 (Docket No. 10) and on October 6, 2021, the Ninth Circuit  granted my

unopposed motion for leave to file the opening brief in the case of <u>Apartment Association of</u>

<u>Greater  Los Angeles v City of Los Angeles,</u> Ninth Circuit Case No. 21-55623.

12. On October 7, 2021, the Honorable Frances Rothchild, Presiding Justice in the California Court of Appeals for the Second Appellate District, Division One, granted my unopposed motion for an extension of time to file an opening brief in the case of City of Los Angeles v Amrathbhai Patel, Appeal Case No. B306094; and on October 18, 2021, Justice Rothchild found **good cause** to reinstate the appeal previously dismissed on October 1, 2021, in the case of Manuel Chavez v Balubhai Patel, Appeal Case No. B307891. A copy of Justice Rothchild's orders of October 7, 2021 and October 18, 2021 are attached hereto as Exhibit "C".

13. In each case, I explained about my wife's recent hospitalization and my backlog in making the requests.

14. My wife's hospitalization was very serious. She was treated at Cedars and now as an out patient by the following physicians, Dr. Ash Naraghi located 9001 Wilshire Blvd., Suite 200, Beverly Hills, CA, (310) 691-1138 (pulmonary doctor); Dr. Arash Taghavi located at 2080 Century Park E, unit 405, Los Angeles, CA 90067, (310) 858-6500 (cardiologist); Dr. Amirhossein Mahfoozi .and his associate located at 8631 W. Third St., Suite 240 E, Los Angeles, CA, (800) 233-2771 (thoracic surgeon). She has also suffered from stomach issues after her return from Cedars which her gastroenterologist, Dr. Jeffrey Sherman, has surmised may be a result of the medications and antibiotics she took at Cedars. As a result, she underwent tests at Cedars on an out patient basis upon Dr. Sherman's request. Dr. Sherman is located at 8631 W. 3rd St., #540, Los Angeles, CA 90048.

15. Subsequently and tragically, my wife's sister, Esther Koenig, passed away on or about November 16, 2021 in Brooklyn, N.Y. Her passing is posted by the Boro Park 24 news on the internet as is her funeral by the Shomrei Hadas Chapel website.

4

16.     On or about December 15, 2021, my wife took her Covid 19 booster.

17.     Several days after taking the booster, she began to have an adverse reaction to the shot.

18.     On or about December 22, 2021, at approximately 6:30 p.m., my wife became very weak and her pulse rate went up to 170, requiring the local Hatzolah and the Fire Department paramedics to come to our house.

19.     Subsequently, my wife was tested and treated and seen on December 23, 2021 and December 30, 2021 by her cardiologist, Dr. Arash Taghavi located at 2080 Century Park E, unit 405, Los Angeles, CA 90067, (310) 858-6500 for an irregular arythmia and the tests also indicated inflammation and elevated liver enzymes..

20.     Her condition is still ongoing and on  March 10, 2022, I took her for a consultation to another cardiologist, Dr. Olga Voroshilovsky located ar 8635 W. 3rd St., #750-W, Los Angeles, CA 90048, (310) 659-8700.

21.     Further, on  Monday, January 24, 2022, at approximately 6:30 p.m., I had a serious car acciident in El Monte, CA.

22.     I was driving back from a deposition that day from Thousand Palms, CA and going to see one of my other clients in El Monte, when I made a left turn on Garvey Avenue a few blocks from my client's motel named Le Blanc Inn & Suites located at 11652 E. Garvey Avenue, El Monte, CA 91732.

23.     I lost control of my car lost control as I was making the left turn which went onto the cement elevated divider between opposing traffic.

24.     As a result of the accident,  I have been further delayed in my work and I had intended to file this declaration earlier this week.Attached hereto as Exhibit "D" is a copy of a picture of the front of my car taken several days ago that shows some of the damage it sustained.

25.     On May 19, 2022, the Court of Appeal for the Second Appellate  District, Division Six, granted my motion to vacate the dismissal of an appeal and for leave to file the Appellants' Opening Brief in the case of U.S. Bank, N.A.. v David Abadi, et al., Case No. B315520, based on my declaration similar to this one as to my family medical issues and the car accident. Attached hereto as Exhibit "E" is a copy of the Court of Appeal May 19, 2022 order.

26.  I am a sole practitioner, and as a result of the above, I am very backlogged my heavy trial and appellate calendar and, as a result, I did not reply to the discovery..

27. I have practiced extensively before state and federal trial courts here in California and in the Ninth Circuit for approximately thirty years primarily specializing in civil rights cases on behalf of  Asian-Indian motel owners and operators.

28   Some of my published cases are City of Los Angeles v Patel, 576 U.S. 409 (2015) (affirming in a 5-4 decision the Ninth Circuit's en banc decision facially invalidating on Fourth Amendment grounds a motel search ordinance that authorized law enforcement to search motel registers on demand without consent or a warrant) (Patel v City of Los  Angeles, 738 F.3d 1058) (9th Cir. 2013) (en banc); Herrera v City of Palmdale , 918 F. 3d  1037 (9th Cir. 2019); Patel v City of Montclair,  798 F.3d 895   (9th Cir. 2015)  ; Patel v City  of San Bernardino, 310 F.3d 1134   (9th Cir. 2002) ; Patel v Penman, 103 F.3d 868 (9th Cir. 1996);

6

and  more recently  Hotop v City of San Jose, 982 F.3d 710 (9th Cir. 2020); and City of San

Bernardino Hotel/Motel Association v City of San Bernardino, 9 Cal.App.4th 237. (1997)

29.  I hope to have the responses to the Defendant before the hearing.

30.  Thus, I respectfully request that the Court deny the motion as moot if the responses

are provided before the hearing and deny the request for sanctions.

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.

Executed this 27th day of July 2022 at Los Angeles, California.


FRANK A. WEISER

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.   **PLAINTIFFS' COUNSEL'S FAMILY MEDICAL ISSUES**

    **CONSTITUTES EXCUSABLE NEGLECT**

Under Federal Rule of Civil Procedure 6(b)(1)(A), a  Court has the power to extend the time for the discovery responses "with or without motion or notice if the court acts, or if a request is made, before  the original time or its expiration expires," for good cause, or under Rule 6(b)(1)(B), after the orginal  time expires on the basis of excusable neglect.

This rule, like all Federal Rules of Civil Procedure "is to be liberally construed to effectuate  the general purpose of seeing that cases are tried on the merits." Rodgers v Watt, 722 F.2d 456, 459 (9th Cir. 1983). See also Federal Rule of Civil Procedure 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of evey action and proceeding.").

"Good Cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.

In Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253 (9th Cir. 2010), the Ninth Circuit held that an attorney who requested  a one week extension in opposing a motion for summary judgment should not have been denied his request as the Federal Rules of Civil Procedure "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Id. at 1258

In doing so, the Ninth Circuit held that Federal Rule of Civil Procedure 6(b)(1)'s authorizing a district court to extend the time in which an act may be done for "good cause" is a non-rigorouis standard that been construed broadly across procedural and statutory contexts.  Id. (citing numerous out of circuit cases to such effect).

"Excusable Neglect" under Rule 6(b)(1)(B) is also broadly and liberally applied by the Ninth Circuit.

To determine wherther a party's failure to meet a deadline constitutes "excusable negldct", a district court must engage in a four-factor equitable test, which includes analyzing: (1) the danger of prejudice to the opposing party; (2) ther length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See Pioneer Inv. Srvs. Co. v Brunswick Assocs, Ltd. Partnerrship, 507 U.S. 380, 395 (1993); Briones v Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); Bateman v U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000); Pincay v Andrews, 389 F.3d 853, 860 (9th cir. 2004) (en banc) (clarifying that in application of the test a district court may not apply per se rules).

In Bateman, Bateman's counsel had left the country before filing an opposition to a motion for summary judgment, and the deadline passed while he was traveling abroad.Id., at 1223. Bateman's counsel also failed to file any motions for an extension of time, and failed to contact the district court for sixteen days after he returned because of "jet lag and time it took to sort the mail." Id., at 1223.

The Ninth Circuit reversed the district court's denial of Bateman's motion to set aside the summary judgment under Rule 60(b) "because the equities in this case weigh in favor of Bateman." Id., at 1226.

In doing so, the Ninth Circuit emphasized <u>Pioneer</u>'s "statement that 'excusable neglect includes cases of negligence . . ." Id., at 1224. In reversing, the Ninth Circuit held that although Bateman's reasons for delay were weak, "[t]he length of delay, and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

The Ninth Circuit rejected that a two week delay in responding to the motion was sufficient ton justify denial of relief. Id., at 1225 (citing out of circuit authority that "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

As demonstrated by <u>Bateman</u>, prejudice is not presumed, and the reasons here for the request, unlike <u>Bateman</u>, are especially strong.

In <u>Pincay</u>, the defendants who had filed their notice of appeal 24 days late, argued that the result was from a calendaring error caused by the attorneys paralegals who misapplied a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit rejected the plaintiffs' argument that the district court had abused its discretion in ruling for the defendants, concluding that although the calendaring error was not a "compelling excuse," becuse of the <u>Pioneet/Briones</u> balancing test any "rigid legal rule against late filings attributable to any particular type of negligence." Id., at 850.

Given the Ninth Circuit's "good cause" and "excusable neglect" standard, and the real family medical issues that Plaintiff's counsel is encountering, there is ample reason to deny the motion as moot without sanctions should the responses be provided before the hearing.

## II.

## CONCLUSION

For all the foregoing reasons, the Plaintiffs  respectfully requesst that the motion be denied.

DATED: July 27, 2022    Respectfully submitted,

LAW OFFICES OF FRANK A. WEISER


By: _____
 FRANK A. WEISER, Attorney for
 Plaintiffs WILLIAM ROBERT
 HERRERA, MONA MOLINA HERRERA,
 Individually and on behalf their minor child
 NOELANI PILA HERRERA, WILLIAM
 RYAN HERRERA; PALMDALE LODGING
 LLC, a California Limited Liability Company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**



1
2
3
4
5
6
7
8
9
10            UNITED STATES DISTRICT
11        CENTRAL DISTRICT OF CALIFORNIA
12
13   EFFICIENT TASK LIMITED,                    Case No.: SACV-18-01999-JWH-DFMx
14                    Plaintiff,                Hon.  Judge John W. Holcomb
15                                              Courtroom 2
16   v                                          ORDER
17   PACIFIC BRIDGE GLOBAL, INC.,
18                    Defendant.
19
20
21
22
23
24
25
26
27
28

1        GOOD CAUSE appearing, the ex-parte application filed by the Defendant

2   PACIFIC BRIDGE GLOBAL, INC. for an extension of time to file a reply to the

3   opposition filed by the Plaintiff EFFICIENT TASK LIMITED to the Rule 50 and 59

4   motion is **GRANTED**.

5        The Defendant shall have until October 4, 2021, to file a reply.

6        **IT IS SO ORDERED.**

7

8   DATE: September 27, 2021

9                                    THE HONORABLE JOHN W. HOLCOMB
                                     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "B"**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT

CENTRAL DISTRICT OF CALIFORNIA

PHILIP ELGHANIAN, et al.,

        Plaintiffs,

v.

CITY OF VICTORVILLE, et al.,

        Defendant.

Case No.: **EDCV-21-00382-JWH-KKx**

Hon. Judge John W. Holcomb
Courtroom 2

**ORDER**

1   GOOD CAUSE appearing, the ex-parte application filed by the Plaintiffs

2   PHILIP ELGHANIAN, WASHINGTON FUND V. LLC, GT HOTELS, INC.

3   ("Plaintiffs") for an extension of time to file a motion for default judgement against

4   the remaining defendants SAMUEL TORRES, TATIANA MACIAS, and MARIA

5   MSACIAS is GRANTED.

6   Plaintiffs shall have until October 18, 2021, to file the motion for default

7   judgment.

8   IT IS SO ORDERED.

9

10   DATE: October 7, 2021

11                                                   JOHN W. HOLCOMB
                                                     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "C"**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 1

CITY OF LOS ANGELES,
Plaintiff and Respondent,

v.

AMRATBHAI G. PATEL,
Defendant and Appellant.

B306094
Los Angeles County Super. Ct. No. 19STCV03753

**COURT OF APPEAL - SECOND DIST.**

# FILED

Oct 07, 2021

DANIEL P. POTTER, Clerk

JLozano _____ Deputy Clerk

THE COURT:

Appellant's motion for an extension of time to file opening brief is granted. Appellant's Opening Brief is now due on or before November 4, 2021.

Acting Presiding Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT

DIVISION 1

MANUEL CHAVEZ,
Plaintiff and Respondent,

v.

BALUBHAI PATEL et al.,
Defendants and Appellants.

B307891
Los Angeles County Super. Ct. No. 20STCP02511

COURT OF APPEAL – SECOND DIST.

**FILED**

Oct 18, 2021

DANIEL P. POTTER, Clerk

JLozano      Deputy Clerk

THE COURT:

Good cause appearing, appellant's motion to reinstate appeal is granted. The order of dismissal filed October 1, 2021, is vacated and the appeal filed September 10, 2020, is reinstated.

Appellant's opening brief is due on or before October 19, 2021. Failure to file by this date will result in dismissal.

_____
Presiding Justice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "D"**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "E"

COURT OF APPEAL – SECOND DIST.

FILED

May 19, 2022

DANIEL P. POTTER, Clerk

Awinters          Deputy Clerk

Case No. B315520

# IN THE COURT OF APPEAL
# OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT
DIVISION SIX

*U.S. Bank NA v. David Abadi, et al.*

## ORDER

Appellants move to vacate the dismissal of this appeal and reinstate the appeal. The motion is granted and the appeal is reinstated. (Cal. Rules of Court, rule 8.60(d).)

The clerk of this court shall file Appellants' Opening Brief, which was submitted with the motion.

Dated: May 19, 2022     2022 _____

Presiding Justice