UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:16-cv-09453-MWF-MARx**                                         Date: August 8, 2022

Title:     *William Robert Herrera et al v. City of Palmdale et al*

Present: The Honorable:    MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Bustos | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:  (In Court) MINUTE ORDER RE: DEFENDANT'S MOTION TO COMPEL , DKT. 177**

      On July 15, 2022, Defendant filed a Motion to Compel Discovery.  Dkt. 177.  Defendant did not file a joint stipulation pursuant to Local Rule 37-2, but complied with Local Rule 37-2.4 by filing a declaration establishing that opposing counsel failed to confer in a timely manner under Local Rule 37-1.  Dkt. 177-1 at 2–3.  On July 27, 2022, Plaintiff filed an Opposition.  Dkt. 178.  Plaintiff filed a Reply on August 3, 2022.  Dkt. 179.  The Court finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons set forth below, Defendant's Motion to Compel is **GRANTED**.

**I.
BACKGROUND:**

      On July 21, 2020, Plaintiffs filed a Second Amended Complaint ("SAC") containing a single cause of action pursuant to 42 U.S.C. § 1983.  Dkt. 130.  Defendants filed Answers on November 11, 2020, and March 8, 2021.  Dkts. 152, 163, 165, 167, 169.

      On December 3, 2021, Defendant served Interrogatories (Set One) and Requests for Production of Documents (Set One) on Plaintiff.  Dkts. 177 at 3; 177-1 at 4–22.  On February 2, 2022, defense counsel contacted Plaintiff's counsel, Mr. Weiser, about the outstanding discovery responses and requested him to have Plaintiff provide responses by February 11, 2022.  Dkts. 177 at 3; 177–1 at 24.  Mr. Weiser did not respond.  Dkts. 177 at 3; 177–1 at 2.

      On March 1, 2022, defense counsel drafted a meet and confer letter, pursuant to Local Rule 37–1, to schedule a telephone conference in an effort to resolve the issue of Plaintiff's non-response informally.  Dkts. 177 at 3; 177-1 at 2.  Mr. Weiser did not respond.  Dkts. 177 at 4; 177–1 at 2.  To date, Mr. Weiser has not contacted defense counsel nor has Plaintiff provided responses to Defendant's requests for discovery.  Dkts. 177 at 4; 177-1 at 2–3.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:16-cv-09453-MWF-MARx**                                   Date: August 8, 2022

Title:  <u>William Robert Herrera et al v. City of Palmdale et al</u>

## II.
## MOTION TO COMPEL

**A.    APPLICABLE LAW**

Federal Rule of Civil Procedure 33 ("Rule 33") allows parties to serve on another party "no more than 25 written interrogatories" relating "to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Federal Rule of Civil Procedure 34 ("Rule 34") allows parties to serve on another party "a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] ..., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." <u>Louen v. Twedt</u>, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Failure to object to requests for production of documents within the time required constitutes a waiver of any objection. See <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992).

**B.    ANALYSIS**

Plaintiff's counsel concedes Plaintiff has failed to respond and appears to concede Defendant is entitled to the requested discovery. Dkt. 178 at 7 ("I hope to have the responses to the Defendant before the hearing."). Furthermore, as noted above, Plaintiff has waived any objection to the discovery requests by failing to timely respond. <u>Richmark Corp.</u>, 959 F.2d at 1473 ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." (citations omitted)). Though Plaintiff's counsel asks the court to deny the Motion as moot "if the responses are provided before the hearing," as of the date of this Order, there is no evidence that Plaintiff has provided responses. Furthermore, Plaintiff has had months to request an extension or respond to defense counsel in any capacity, even if Plaintiff was unable to provide timely responses to the discovery requests. Accordingly, the Court rejects defendant's request to deny this motion as moot, and **GRANTS** the Motion. The Court orders defendant to respond to Plaintiff's document requests and interrogatories in full and without objection within ten (10) days of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **2:16-cv-09453-MWF-MARx**                                               Date: August 8, 2022

Title:   *William Robert Herrera et al v. City of Palmdale et al*

### III.
### REQUEST FOR SANCTIONS:

**A.   APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37"), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation.  L.R. 37 et seq.  Local Rule 37-4 specifically provides "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." Id.

**B.   ANALYSIS**

Plaintiff's counsel asks the Court to deny Defendant's request for sanctions due to numerous medical issues he and his family have been dealing with over the past year. See dkt. 178.  Plaintiff's counsel is a solo practitioner, and these issues have thus caused a severe backlog in counsel's "heavy trial and appellate calendar." Id. at 2.

The Court is sympathetic to counsel's situation.  However, as noted above, he failed to even request an extension from defense counsel or correspond with him at all for over eight (8) months. Given that Defendant waited that long to file a motion, it is likely that Defendant would have accommodated Plaintiff's counsel.  Instead, Defendant and the court had to expend resources addressing this essentially unopposed Motion. As a last resort, if Plaintiff's counsel has truly been so overwhelmed that he has been unable to even respond to an email, he has had ample time to withdraw from the case and request substitution.  See Cal. R. Prof. Conduct 1.6.  Indeed, this is not the only case where Plaintiff's counsel has failed to comply with their discovery obligations, indicating that he may be unable to litigate all of his cases effectively at the moment.  See Rutherford v. Dootson Prop. Mgmt., L.P., No. 520CV1746JGBSPX, 2021 WL 4571982 (C.D. Cal. July 9, 2021) (noting Plaintiff's counsel's "procedural violations … appear to be part of a pattern of similar conduct over the last few years" and that "it is troubling that he took on representation of [the defendant] knowing that he has a backlog and has been unable to fulfill his litigation duties diligently over the past few years").

Finally, Defendant requests only the costs expended to litigate this motion, $1,960, at a reasonable rate of $245 for eight (8) hours.  Dkts. 177 at 5; 177-1 at 3; see Paige v. Consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **2:16-cv-09453-MWF-MARx** | Date: August 8, 2022 |
| Title: | *William Robert Herrera et al v. City of Palmdale et al* | |

Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (awarding $5,585.00 as reasonable expenses incurred in making similar motion to compel, finding 8.5 hours and hourly rate of $490 reasonable); Tacori Enters. v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (awarding $6,150.00 as reasonable expenses incurred in making similar motion to compel, finding 7.5 hours spent by two attorneys whose hourly rates were $555 and $265 reasonable).  Plaintiff's counsel should not be punished for having a difficult year.  However, Plaintiff's counsel's failure to respond to Defendant's discovery requests for over eight (8) months, correspond with Defendant about extensions, or even request assistance from or the substitution of another attorney, renders him liable for the relatively modest cost of bringing this avoidable Motion.

### IV.
### ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Compel is **GRANTED**. Plaintiffs shall serve the discovery on or before **Monday, August 15, 2022**;
(2) Defendant's request for payment of reasonable expenses incurred in making the Motion is **GRANTED**.  Within thirty (30) days of the date of this Order, Plaintiff and Plaintiffs' counsel, jointly and severally, shall pay to Defendant the sum of $1,960 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A); and
(3) The hearing set for **August 17, 2022,** is hereby **VACATED**.

**The court warns counsel that further failure to comply with his discovery obligations as ordered herein may result in further sanctions, which could include monetary sanctions and/or referral to the California State Bar for disciplinary action.**

**IT IS SO ORDERED.**

**Initials of Preparer** : eb