1  VALERIE D. ESCALANTE TROESH, SBN 281386
   VEscalanteTroesh@CivicaLaw.com
2  MATTHEW G. TRUJILLO, SBN 345580
   MTrujillo@CivicaLaw.com
3  CIVICA LAW GROUP, APC
   4000 BARRANCA PARKWAY
4  SUITE 250 PMB 782
   Irvine, CA 92604
5  Phone: 949-592-0165
   Fax:   949-335-1701
6
7  Attorneys for Defendant
   City of Palmdale, and
   Individual City Defendants
8

CIVICA LAW GROUP, APC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| WILLIAM ROBERT HERRERA; MONA MOLINA HERRERA, individually and on behalf of their minor child NOELANI PILA HERRERA; WILLIAM RYAN HERRERA; PALMDALE LODGING LLC, a California Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PALMDALE, a municipal corporation; COUNTY OF LOS ANGELES, a municipal corporation; BUD DAVIS; GEORGE SCHNEIDER; ROB BRUCE; NARDY LOPEZ; MARK DYLER; ANNE AMBROSE; NOEL JAMES DORAN; JAMES PURTEE; SARA SHREVES; CITY OF PALMDALE OFFICER RAPOSAS; CITY OF PALMDALE OFFICER BLAKELY; CITY OF PALMDALE OFFICER ANTHONY BONELLI; CITY OF PALMDALE OFFICER MARK MILLER; DEPUTY SHERIFF MUNOZ; DEPUTY SHERIFF LEON; DEPUTY SHERIFF JACOBS; DEPUTY SHERIFF DANA; DEPUTY SHERIFF MYLES; DEPUTY SHERIFF SORROW; DEPUTY SHERIFF | Case No.: 2:16-cv-09453-MWF-MAR <br><br> **CITY DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE OCTOBER 16, 2023 HEARINGS INCLUDING HEARING ON THEIR MOTION FOR TERMINATING SANCTIONS** <br><br> Honorable Judge: Michael W. Fitzgerald <br> Magistrate Judge: Margo A. Rocconi <br><br> [Filed concurrently with: <br>   1.   Attorney Declaration. <br><br> Hearing Date: Ex Parte |

| | |
|---|---|
| 1 | DIAZ; DEPUTY SHERIFF ARCIDIANCONO; DEPUTY SHERIFF DOLLENS; DEPUTY SHERIFF BRANDON, DEPUTY SHERIFF GALLAGHER; DEPUTY SHERIFF WALDEN; DEPUTY SHERIFF DOE 1, all such individual defendants sued in their individual and official capacity; DOES 2-10 INCLUSIVE, |
| | Defendants. |

OPPOSITION TO EX PARTE TO CONTINUE OCTOBER 16, 2023 HEARINGS INCLUDING HEARING ON THEIR MOTION FOR TERMINATING SANCTIONS

# CITY DEFENDANTS' OPPOSITION TO EX PARTE TO CONTINUE HEARINGS ON OCTOBER 16, 2023 HEARINGS INCLUDING HEARING ON THEIR MOTION FOR TERMINATING SANCTIONS

## I. INTRODUCTION

Defendant City of Palmdale ("City") and each of the individually named City Defendants (collectively, "City Defendants") oppose Plaintiffs' weekend-filed Ex-Parte Application to Continue the pending October 16, 2023 Hearings, including and specifically, the hearing on the City Defendants' Motion for Terminating Sanctions ("Ex Parte Application"). Not only is the Ex Parte Application procedurally defective under both the Local Rules and this Court's Procedures—meriting summary denial—but substantively, it also reinforces why the City's Defendants' Motion for Terminating Sanctions should go forward as scheduled. All of the reasons set for by Plaintiffs' counsel in the papers are the very same reasons that Plaintiffs' counsel has used repeatedly in this case to delay the resolution of this matter for years. While the City Defendants have been and continue to be sympathetic to Plaintiffs' counsel's busy calendar, family health issues, and the like which have been cited for years as the reason for his delay, these issues cannot be a roadblock to the City Defendants' defense, yet they have been and continue to be for years. Even putting this reality aside, instead of preparing and filing this Ex Parte Application and filing it on September 23, 2023, Plaintiffs' counsel should and could have prepared an opposition to the pending Motion for Terminating Sanctions and met the Local Rule 21-day opposition deadline on September 25, 2023. On both procedural and substantive grounds, this Ex Parte Application should be denied.

//
//
//
//

## II. LEGAL ANALYSIS

### A. The Ex Parte Application Should Be Denied Given The Non-Compliance With The Mandatory Local Rules And This Court's Procedural Rules

As a threshold matter, Plaintiffs ignore the Central District's Local Rules on key notice provisions for ex parte applications. Local Rule 7.19.1 specifies that " . . .it is the duty of the attorney so applying (a) to make reasonable, good faith efforts to orally advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." None of these requirements were followed.

The City Defendants' counsel received no outreach from Plaintiffs' Counsel regarding this Ex Parte Application. Declaration of Attorney Escalante Troesh, ¶ 3. City Defendants' counsel only learned of the filing through the ECF/Pacer notice for the Ex Parte Application filing upon return to work on Monday, September 25, 2023; that was generated on Saturday, September 23, 2023 at 10:48 p.m. in the evening. Ct. Dkt. 198. Further, there is no information in Plaintiffs' Counsel's declaration submitted in support of the Ex Parte Application advising of efforts to contact opposing counsel or any further information about whether Plaintiffs' Counsel ascertained whether there was opposition.

Additionally, this Court's procedures on its website adds to these minimum Local Rule requirements: "[i]n addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by email, facsimile transmission or personal service and shall notify the opposing party that opposition papers must be filed no later than 24 hours (or one court day) following such service." No such service or notice regarding the opposition was given. Declaration of Attorney Escalante Troesh, ¶ 4. Counsel for City Defendants nonetheless confirmed the court's procedures and quickly prepared this subject opposition. *Id.*

As provided in the Court's website procedures, "Applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will

not be considered." Given the non-compliance with the Local Rules and the Court's own procedures, this Court is well within its authority to disregard the Ex Parte Application.

### B. Substantively, The Ex Parte Application Reinforces Why City Defendants' Motion For Terminating Sanctions Should Go Forward On The Date Set

In brief, the City Defendants' Motion for Terminating Sanctions is based on Plaintiffs' and Plaintiffs' Counsel's numerous discovery misconduct—even after the Court already sanctioned them for failing to provide timely discovery—which has prevented the City Defendants from defending themselves in the action and has delayed the action for years. Ct. Dkt. 195. The reasons given for the delays are the exact same reasons as Plaintiffs' Counsel provides for the Ex Parte Application, nearly verbatim in fact to the reasons given in Plaintiffs' Counsels' opposition to the City Defendants Motion to Compel Discovery and for Sanctions which this Court granted last August of 2022. Compare Ct. Dkt. 198, with Ct. Dkt 178. This Court has recognized the delay and improper handling of this case by Plaintiffs and Plaintiffs' Counsel before; there is a pattern and practice that Plaintiffs' and Plaintiffs' Counsel employ in this litigation that has created significant delay and no timely resolution of this matter. Ct. Dkt. 180 (August 2022 Order granting City Defendants' Motion to Compel Discovery and Sanctions). There is no good cause or other reason to delay the currently set motion hearings. The Ex Parte Application should be denied.

Finally, under Local Rule 7-9, Plaintiffs and Plaintiffs' Counsel's opposition to the subject motions set for hearing on October 16, 2023 would have been due 21 days before that date, which is September 25, 2023. As such, they could have and should have focused their energy on drafting the necessary oppositions instead of devoting time to draft and file this Ex Parte Application, and creating further costs and time spent for the City Defendants to oppose their Ex Parte Application.

### III. CONCLUSION

While the City Defendants do not wish to belabor the point, Plaintiffs' and their

CIVICA LAW GROUP, APC

counsel's pattern of delay and excuses should be noted. Whether based on the substantive merits or on procedural grounds, this Ex Parte Application does not stand muster and must be denied.

The undersigned, counsel of record for City Defendants, certifies that this brief contains 983 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 26, 2023                          CIVICA LAW GROUP, APC

                                                   By: _/s/Valerie D. Escalante Troesh_
                                                       VALERIE D. ESCALANTE TROESH
                                                       MATTHEW G. TRUJILLO
                                                       Attorneys for Defendant
                                                       City of Palmdale and
                                                       Individual City Defendants