SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
gnishimura@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for County Defendants DEPUTY CHARLES DANA, DEPUTY BRANDON JACOBS, DEPUTY GUSTAVO MUNOZ, DEPUTY RICHARD LEON, DEPUTY FRANK ARCIODIANCONO, DEPUTY JOHN GALLAGHER, DEPUTY SCOTT SORROW, DEPUTY DESHAWN MILES, DEPUTY STEVE DIAZ AND DEPUTY WYATT WALDRON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT HERRERA; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PALMDALE, a municipal corporation; et al., | Case No.: CV-16-09453 (MWF MARx) <br><br> **OPPOSITION OF COUNTY DEFENDANTS TO REQUEST FOR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT** <br><br> [*Filed concurrently with Declaration of Janet L. Keuper in Support of Opposition to Ex Parte Application*] |

**TO THE HONORABLE MICHAEL W. FITZGERALD, UNITED STATES DISTRICT COURT JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

-1-

**PLEASE TAKE NOTICE** that County Defendants, Deputy Charles Dana, Deputy Brandon Jacobs, Deputy Gustavo Munoz, Deputy Richard Leon, Deputy Frank Arciodiancono, Deputy John Gallagher, Deputy Scott Sorrow, Deputy Deshaun Miles, Deputy Steve Diaz and Deputy Wyatt Waldron (collectively hereinafter "County Defendants"), hereby oppose the Ex Parte Application of Plaintiffs to continue hearing on their Motion for Summary Judgment set for October 16, 2023.

## I.  BACKGROUND OF THE MOTION

County Defendants filed their Motion for Summary Judgment on September 18, 2023, setting a hearing date on October 16, 2023. The filing of this Motion followed months and months of the failure of Plaintiffs and their counsel to obtain any relief on the Deemed Admissions, despite several attempts and notifications. The date for Plaintiffs to file Opposition was yesterday, September 25, 2023.

Following the filing of the Motion, there was no oral communication from Plaintiffs' counsel until the filing on Saturday evening, September 23, 2023 of the ex parte application to continue the hearing on the Motion of County Defendants for Summary Judgment as well as the Motion of the City of Palmdale and the City Defendants to Dismiss, also set for hearing on October 16, 2023.

The ex parte application is procedurally and substantively defective and fails to provide any valid basis to grant the relief. The ex parte application should be summarily denied.

## II.  THE EX PARTE REQUEST IS PROCEDURALLY IMPROPER

The Central District Local Rules provides specific provisions for ex parte applications. Local Rule 7-19 provides the process for seeking an application for an ex parte order. Notably, Local Rule 7.19.1 provides that "… it is the duty of the attorney so applying (a) to make reasonable, good faith efforts to orally advise counsel for all other parties, if known, of the date and substance of the proposed ex

parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

As mentioned previously, there was no oral communication from plaintiff's counsel following the filing of the Motion on September 18, 2023 until notification through CM/ECF generated on Saturday, September 23, 2023 at 10:48 p.m. of the request for continuance of hearing on the Motion for Summary Judgment. Declaration of Janet L. Keuper ("Keuper Decl."), ¶5; Court Dkt. 198. This notification was not received by defense counsel for the County Defendants until Monday September 25, 2023. Keuper Decl. ¶5.

Additionally, there is nothing in the Declaration of Plaintiffs' counsel submitted with the Ex Parte Application which reflects compliance with Local Rule 7.19 or 7.19.1. Plaintiffs' counsel has the cell phone number of counsel for the County Defendants as well as counsel for the City Defendants, as text communications have been exchanged. Keuper Decl., ¶6. Plaintiffs' counsel did not reach out to defense counsel at any time to advise orally of the intended ex parte and there is nothing in the Declaration of Plaintiffs' counsel submitted with the ex parte application which advises the Court of efforts to contact counsel. Keuper Decl., ¶7. Further, this Court's ex parte procedures on its website further provides that, "[i]n addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by email, facsimile transmission or personal service and shall notify the opposing party that opposition papers must be filed no later than 24 hours (or one court day) following such service." No such notification was provided by Plaintiffs' counsel. Keuper Decl., ¶8. This Opposition is filed within one court day following receipt of service of the ex parte application. Keuper Decl., ¶9.

///

Based on the failure to comply with the Local Rules and this Court's own procedures, Plaintiffs' ex parte application should be summarily denied.

### III.   THE EX PARTE REQUEST IS SUBSTANTIVELY DEFICIENT

While not unsympathetic to Plaintiffs' counsel and his medical issues, requests to delay the case based on these issues have been utilized for years by counsel.  This is a continued pattern of Plaintiffs' counsel to obtain relief from his obligations to prosecute this case.  Most significantly, there is no reason provided in the ex parte application for why Plaintiffs could not have prepared an Opposition to County Defendants' motion after it was filed on Monday, September 18, 2023.  Instead, Plaintiffs' counsel spent the time to prepare and file an ex parte application on September 23, 2023 rather than file an Opposition.  The citations to Orders granting him relief in the declaration of counsel fail to provide any basis to grant relief in this case and are from months ago.

This Court has recognized this pattern of delay and improper handling of this case by Plaintiffs and their counsel before:  "there is a pattern and practice that Plaintiffs and Plaintiffs' Counsel employ in this litigation that has created significant delay and no timely resolution of this matter". [See August 2022 Order granting the Motion of City Defendants' to Compel Discovery and Sanctions, Court Dkt. 180.] There is nothing in the Declaration submitted with the ex parte application which provides a substantive reason for continuance of the hearing on the Motion of the County Defendants for Summary Judgment.  The ex parte application should be summarily denied.

### IV.   CONCLUSION

The ex parte application is deficient, both procedurally and substantively, and provides no basis to continue the hearing on the motion of County Defendants for Summary Judgment.  Therefore, it is respectfully requested that Plaintiffs' Ex Parte Application be summarily denied.

Respectfully Submitted,

Dated: September 26, 2023         SEKI, NISHIMURA & WATASE, LLP


By:    */s/ JANET L. KEUPER*
      JANET L. KEUPER
      Attorneys for Defendants,
      DEPUTY CHARLES DANA,
      DEPUTY BRANDON JACOBS,
      DEPUTY GUSTAVO MUNOZ,
      DEPUTY RICHARD LEON, DEPUTY FRANK ARCIODIANCONO,
      DEPUTY JOHN GALLAGHER,
      DEPUTY SCOTT SORROW,
      DEPUTY DESHAWN MILES,
      DEPUTY STEVE DIAZ AND
      DEPUTY WYATT WALDRON