1   **FRANK A. WEISER**, State Bar No. 89780
    Attorney at Law
2   3460 Wilshire Blvd., Suite 1212
    Los Angeles, California 90010
3   Telephone: (213) 384-6964
    Facsimile: (213) 383-7368
4   E-Mail:    maimons@aol.com

5

6   Attorney for Plaintiffs
    WILLIAM ROBERT
7   HERRERA, Individually
    and on behalf of their minor
8   child N.P., MONA MELINA
    HERRERA, Individually
9   and on behalf of their minor
    child N.P., WILLIAM RYAN
10   HERRERA

11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14

15   WILLIAM ROBERT HERRERA,      **Case No.: CV16-09453-MWF-MAR**
    et. al.
16
                        **EX-PARTE APPLICATION**
17          Plaintiffs,          **TO WITHDRAW ADMISSIONS**
                        **TO DEFENDANT COUNTY**
18   v                     **OF LOS ANGELES' REQUEST**
                        **FOR ADMISSIONS, SET ONE;**
19   CITY OF PALMDALE, et al.     **DECLARATION OF**
                        **FRANK A. WEISER;**
20                       **MEMORANDUM OF POINTS**
                        **AND AUTHORITIES IN SUPPORT**
21          Defendants.      **THEREOF**

22

23                         DATE: October 30, 2023
                        TIME: 10:00 a.m.
24                         CTRM: 5A

25

26

27

28

## **DECLARATION OF FRANK A. WEISER**

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the for the Plaintiffs WILLIAM ROBERT HERRERA, Individually and on behalf of their minor child N.P., MONA MELINA HERRERA, Individually and on behalf of their minor child N.P., WILLIAM RYAN HERRERA ("Plaintiffs") and I make this declaration in support of the Plaintiffs' ex-parte application to withdraw the the admissions to the Request for Admissions, Set One ("RFAS"), propounded by the Defendant COUNTY OF LOS ANGELES ("County") on August 19, 2022.

2. Presently there is a motion for summary judgment that was filed by the Defendants COUNTY OF LOS ANGELES DEPUTY SHERIFFS' ("Individual County Defendants") motions for summary judgment ("MSJ") and terminating sanctions by the CITY OF PALMDALE ("City") and individual City defendants ("Motions") that is presently set for October 30, 2023 and to amend the briefing schedule.

3. On October 8, 2020, the Court granted the Defendant County's motion to dismiss the County from the Second Amended Complaint ("SAC") based on the fact that the SAC did not plead a <u>Monell claim against</u> the County. (Civil Docket No. 149).

4. The Court gave Plaintiffs the right to file a Third Amended Complaint ("TAC") to plead a <u>Monell claim against</u> the County, but the Plaintiffs chose not to do so and stood on the SAC.

5. <u>Subsequently, the Individual County Defendants filed answers to the SAC.</u> (Civil Docket Nos. 163, 165, 167, 169).

6. The Defendant County then propounded Requests for Admissions, Set One, to the Plaintiffs WILLIAM HERERA and MONA

HERRERA on August 19, 2022 which is being used by the <u>Individual County Defendants as the evidence in support of its MSJ.</u> (Civil Docket Nos. 196, 196-1, 196-2, 196-3).

7.    While I believe, and as I will argue at the hearing that the MSJ must be denied as a matter of law as under Federal Rule of Civil Procedure 36(b) the that the County which was no longer a defendant to this action when it propounded the RFAS, out of an abundance of caution, I am making this ex-parte application before the MSJ hearing.

8.    As I explained to the Court in my previous ex-parte application to continue the motions to continue the motions and amend the briefing schedule, I have had medical problems and family medical issues that has caused a serious backlog in my heavy trial and appellate calendar. (Civil Docket No. 198).

9.   I am still having medical problems that caused me not to file formal oppositions to the motions as a result of my heavy backlog as stated in the previous ex-parte application and I respectfully request that the Court take judicial notice of my declaration filed September 23, 2023 in support of the previous ex-parte application.

10.  While I believe, and will argue further in this application, that the present application to withdraw the admissions does not require as a matter of law a reason as to why they were not objected to earlier, Exhibit "1" to my previous ex-parte application sets forth in detail the extensive family and personal medical problems that I was having at the time the County propounded the RFAS and, as a result, I did not even realize that they had been propounded until Ms. Keuper notified me of the fact.

11.   Attached hereto as Exhibit "1" are the Plaintiffs WILLIAM HERRERA and MONA HERERA'S responses to the RFAS.

12.   On October 22, 2023, at approximately 7:00 p.m., I e-mailed opposing counsel to this action, Ms, Keuper and Ms. Troesch, requesting that they provide me their position on the ex-parte application which I expect that I will receive tomorrow. I will supplement this application with their formal response when I receive it. Attached hereto as Exhibit "2" is the e-mail that I sent to Ms, Keuper and Ms. Troesch regarding this ex-parte application.

13. Thus, I respectfully request that the Court grant this ex-parte application

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of October, 2023 at Los Angeles, California.


_____
FRANK A. WEISER

# I.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**A. THIS EX-PARTE APPLICATION IS RESPECTFULLY**
**REQUESTED TO BE GRANTED AS THE COUNTY**
**WAS NOT A DEFENDANT TO THIS ACTION AT THE**
**TIME IT PROPOUNDED THE RFAS AND AS A RESULT**
**THE PURPORTED ADMISSIONS CAN HAVE NO**
**LEGAL EFFECT TO THIS ACTION**

Under Federal Rule of Civil Procedure 36(b), the Court has the power to permit an admission to an RFA to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

There can be no prejudice to the Defendant County as it was not even a defendant when it propounded the RFAS, and the RFAS are a nullity as a a matter of law.

Rule 36(b) is very explicit in that "an admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." The party relying on the deemed admission has the burden of proving prejudice. See <u>Hadley v United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995).

The Individual County Defendants cannot rely on admissions to RFAS that were propounded by a non-party to the action under Rule 36(b), and they were not the requesting party, and the RFAS were propounded by the County after it was no longer a defendant can have no legal effect and the Individual County Defendants cannot claim prejudice to its own error.

1

2      As to why the Plaintiffs did not object earlier to the RFAS, for purposes

3  of withdrawing admissions, Rule 36 does not require that the party requesting the

4  withdrawal provide a reason. The only requirement is a demonstration of prejudice

5  by the requesting party, which is the County, not the Individual County Defendants.

6      Nevertheless, the Plaintiffs have provided a reason based on their counsel's

7  personal and family medical issues that he was having in 2022 and as previously set

8  forth in Exhibit "1" to his declaration to the previous ex-parte application filed by

9  the Plaintiffs on September 23, 2023.

10      Finally, the Individual County Defendants will most certainly argue that

11  the Plaintiffs have not filed an opposition to the MSJ. Even without a formal

12  opposition, the burden always rests under Rule 56 with the moving party to demonstrate

13  that the motion should be granted, even in the absence of an opposition by the

14  responding party and when a local rule would place the responding party in default for

15  not responding. See Heinemann v Satterberg, 731 F.3d 914, 916-920 (9th Cir. 2013).

16                                **II.**

17                           **CONCLUSION**

18      For all foregoing reasons, the Plaintiffs respectfully requests that the Court grant

19  this ex-parte application.

20

21  Dated: October 22, 2023            Respectfully submitted,

22                                     LAW OFFICES OF FRANK A. WEISER
                                       By: /s/ Frank A. Weiser
23                                     _____

24                                     FRANK A. WEISER, Attorney
                                       for Plaintiffs WILLIAM ROBERT
25                                     HERRERA, Individually
                                       and on behalf of their minor
26                                     child N.P., MONA MELINA
                                       HERRERA, Individually
27                                     and on behalf of their minor
                                       child N.P., WILLIAM RYAN
28                                     HERRERA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "1"**

**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail: maimons@aol.com

Attorney for Plaintiffs
WILLIAM ROBERT HERRERA,
MONA MOLINA HERRERA,
individually and on behalf of
their minor child NOELANI
PILA HERRERA; WILLIAM
RYAN HERRERA; PALMDALE
LODGING LLC, a California
Liability Company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HERRERA, et al., | Case No.: CV16-09453 MWF (FFMx) |
| Plaintiffs, | **RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE** |
| v | |
| CITY OF PALMDALE, a municipal corporation ; et al., | |
| Defendants. | |

PROPOUNDING PARTY: DEFENDANT COUNTY OF LOS ANGELES

RESPONDING PARTY:    PLAINTIFF WILLIAM HERRERA

SET NO.:                        ONE

Pursuant to Federal Rule of Civil Procedure 36., the Plaintiff WILLIAM HERRERA ("Plaintiff") hereby responds to the Request for Admissions, Set One attached hereto as Exhibit "A" propounded by the Defendant COUNTY OF LOS ANGELES ("Defendant").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Deny.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

2      Deny.

3

4  Dated: October 22, 2023          LAW OFFICES OF FRANK A. WEISER

5

6  By: _____

7      FRANK A. WEISER, Attorney
       for WILLIAM ROBERT HERRERA,
8      MONA MOLINA HERRERA,
       individually and on behalf of
9      their minor child NOELANI
       PILA HERRERA; WILLIAM
10     RYAN HERRERA; PALMDALE
       LODGING LLC, a California
11     Liability Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12    **EXHIBIT "A"**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  SEKI, NISHIMURA & WATASE, LLP
2  GILBERT M. NISHIMURA (SBN 57905)
   gnishimura@snw-law.com
3  JANET L. KEUPER (SBN 128417)
   jkeuper@snw-law.com
4  600 Wilshire Boulevard, Suite 1250
5  Los Angeles, California 90017
   Tel.: (213) 481-2869 | Fax: (213) 481-2871
6
7  Attorneys for Defendants, COUNTY OF LOS ANGELES, et al.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  WILLIAM ROBERT HERRERA;<br>13  MONA MOLINA HERRERA,<br>individually and on behalf of their<br>14  minor child NOELANI PILA<br>HERRERA; WILLIAM RYAN<br>15  HERRERA; PALMDALE LODGING<br>16  LLC, a California Limited Liability<br>Company,<br>17<br>18         Plaintiff,<br>19<br>20         v.<br>21  CITY OF PALMDALE, a municipal<br>corporation; BUD DAVIS; SARA<br>22  SHREVES; CITY OF PALMDALE<br>OFFICER RAPOSAS; COUNTY OF<br>23  LOS ANGELES DEPUTY SHERIFF<br>24  WALDEN; DEPUTY SHERIFF DOES<br>1, all such individual defendants sued in<br>25  their individual and official capacity;<br>26  DOES 2-10 INCLUSIVE<br>27         Defendants. | Case No.: 2:16-CV-09453 MWF (FFM)<br><br>**DEFENDANT COUNTY OF LOS<br>ANGELES' REQUEST FOR<br>ADMISSIONS, SET ONE TO<br>PLAINTIFF WILLIAM HERRERA** |

28

**PROPOUNDING PARTY**:     COUNTY OF LOS ANGELES

**RESPONDING PARTY**:     WILLIAM HERRERA

**SET NO.**:                          ONE

Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "COLA"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 36 and 26(1), hereby propounds these Interrogatories directed to Plaintiff WILLIAM HERRERA (hereinafter "Plaintiff.")   Plaintiff is directed to respond to the following requests within thirty (30) days from the date of service.

The Requests which follow are to be regarded as continuing in nature and YOU (hereinafter "YOU" of "YOUR" includes Plaintiff WILLIAM HERRERA, his counsel, and any consultants, experts, investigators, agents, representatives, or other PERSONS acting on his behalf; hereinafter "PERSON(S)" includes a natural person, partnerships, firms, corporations, associations, or any other kind of business or legal entity) are requested to provide, by way of supplementary answers thereto, such additional information as YOU, or any other person on YOUR behalf, may hereinafter obtain which will augment or otherwise modify the answers now provided.   Such supplementary responses are to be served upon counsel for Plaintiff within thirty (30) days after receipt of such information, but not later than two (2) weeks preceding the date of trial in this action.

If any information called for in an interrogatory or subpart thereof is withheld on the ground of privilege, provide the information required by the Federal Rules of Civil Procedure for each such interrogatory or subpart objected to on the basis of the claim of privilege.

## REQUEST FOR ADMISSIONS

Defendant, COLA hereby requests that Plaintiff admit the truth of the following matters for the purposes of this action only and subject to all pertinent objections to admissibility which may be interposed at the time of trial:

**REQUEST FOR ADMISSION NO. 1:**

Admit that the face of the Inspection Warrant authorized the inspection of all portions of the premises identified in the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 2:**

Admit that no one from the Los Angeles County Sheriff's Department ("LASD") entered your personal residence on November 17, 2016.

**REQUEST FOR ADMISSION NO. 3:**

Admit that no one from the LASD held you at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 4:**

Admit that no one from the LASD held your daughter, Plaintiff, Neolani Herrera, at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 5:**

Admit that no one from the LASD held your son, Plaintiff, WR Herrera, at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 6:**

Admit that no one from the LASD attempted to "bust open a personal safe in the residence" as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Mona Herrera was not refused entry to her personal residence by anyone from the LASD as alleged in Paragraph 26 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no one from the LASD inspected the motel registry as alleged in Paragraph 28 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiffs did not ask anyone from the LASD for a copy of the inspection warrant as alleged in Paragraph 27 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Inspection Warrant was signed by a magistrate.

**REQUEST FOR ADMISSION NO. 11:**

Admit that no County of Los Angeles personnel were present at the motel on December 13, 2016 when the Notice and Oder to Repair and Abate were posted, as alleged in Paragraph 34 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Deputy Sheriff Walden spoke to you regarding relation assistance on or about December 15, 2016.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Deputy Sheriff Walden did not close the motel on December 15, 2016 as alleged in Paragraph 37 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Admit that no one from the LASD contacted executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 51 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 15:**

Admit that no one from the LASD contacted executives at Motel 6 about the intended closure of the motel because numerous local and state code violations as alleged in Paragraph 51 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 16:**

Admit that no one from the LASD contacted executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 17:**

Admit that no one from the LASD contacted executives at Motel 6 in order to facilitate the closure of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 18:**

Admit that County officials did not contact executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 19:**

Admit that County officials did not contact executives at Motel 6 in order to facilitate the closure of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 20:**

Admit that no one from the LASD came onto motel property after Plaintiffs took possession of the motel and demanded to inspect the motel registration records.

**REQUEST FOR ADMISSION NO. 21:**

Admit that no one from the LASD refused to assist and respond to Plaintiffs' calls for service.

**REQUEST FOR ADMISSION NO. 22:**

Admit that no one from the LASD stated to Plaintiff that they were not going to help after Plaintiffs called for service.

**REQUEST FOR ADMISSION NO. 23:**

Admit that no one from the LASD patrolled the common area of the motel daily as alleged in Paragraph 62 of the Second Amended Complaint.

\ \ \

\ \ \

**REQUEST FOR ADMISSION NO. 24:**

Admit that no one from the LASD blocked the ingress and egress of motel tenants and other individuals on a daily basis as alleged in Paragraph 62 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 25:**

Admit that criminal drug activities occurred at the motel property in 2016.

**REQUEST FOR ADMISSION NO. 26:**

Admit that prostitution activity occurred at the motel property in 2016.

**REQUEST FOR ADMISSION NO. 27:**

Admit that criminal arrests for drug activities occurred at the motel property during 2016.

**REQUEST FOR ADMISSION NO. 28:**

Admit that criminal arrests for prostitution occurred at the motel property during 2016.

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU did not meet with County officials in February 2016 related to your plans to rehabilitate the motel.

**REQUEST FOR ADMISSION NO. 30:**

Admit that 30 Los Angeles County Sheriffs were not present at the motel at the time of the inspection as alleged in Paragraph 81 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the Los Angeles County Sheriff Swat Team was not present at the motel assisting in and conducting the inspection as alleged in Paragraph 81 of the Second Amended Complaint.

\ \ \

\ \ \

**REQUEST FOR ADMISSION NO. 32:**

Admit that no one from the LASD entered rooms "where the occupants were and tore apart bedding, switch plates, and knocked hole in the walls of the vacant rooms" as alleged in Paragraph 82 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Deputy Sheriffs did not tell motel guests and tenants that they would return to the motel to close it as alleged in Paragraph 84 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 34:**

Admit that no one from the LASD violated Plaintiffs' right of access under the Petition for Grievances Clause of the First Amendment.

**REQUEST FOR ADMISSION NO. 35:**

Admit that no one from the LASD violated Plaintiffs' rights of association under the Petition for Grievances Clause of the First Amendment.

**REQUEST FOR ADMISSION NO. 36:**

Admit that no one from the LASD violated Plaintiffs' procedural due process rights.

**REQUEST FOR ADMISSION NO. 37:**

Admit that no one from the LASD violated Plaintiffs' substantive due process rights.

**REQUEST FOR ADMISSION NO. 38:**

Admit that no one from the LASD violated Plaintiffs' rights under the First Amendment.

**REQUEST FOR ADMISSION NO. 39:**

Admit that no one from the LASD violated Plaintiffs' rights under the Fourth Amendment.

\ \ \

**REQUEST FOR ADMISSION NO. 40:**

Admit that no one from the LASD violated Plaintiffs' rights under the Fifth Amendment.

**REQUEST FOR ADMISSION NO. 41:**

Admit that no one from the LASD violated Plaintiffs' rights under the Fourteenth Amendment.

**REQUEST FOR ADMISSION NO. 42:**

Admit that you were not injured by any conduct of the LASD.


Dated: August 19, 2022                    SEKI, NISHIMURA & WATASE, LLP




                                    By:  /s/ Janet L. Keuper
                                         _____
                                         GILBERT M. NISHIMURA
                                         JANET L. KEUPER
                                         Attorneys for County Defendants
                                         COUNTY OF LOS ANGELES,
                                         DEPUTY SHERIFF MUNOZ, DEPUTY
                                         SHERRIFF LEON, DEPUTY SHERIFF
                                         JACOBS, DEPUTY SHERIFF DANA,
                                         DEPUTY SHERIFF MYLES, DEPUTY
                                         SHERIFF SORROW, DEPUTY
                                         SHERIFF DIAZ, DEPUTY SHERIFF
                                         ARCIDIANCONO, DEPUTY SHERIFF
                                         GALLAGHER, DEPUTY SHERIFF
                                         WALDEN

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

<u>**William Robert Herrera et al. v. City of Palmdale et al.**</u>
**USDC Case No. 2:16-CV-09453 MWF (FFM)**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is 600 Wilshire Boulevard, Suite 1250, Los Angeles, California 90017.

    On **August 19, 2022**, I served the document described as: **DEFENDANT COUNTY OF LOS ANGELES' REQUEST FOR ADMISSIONS, SET ONE** on the interested parties in the action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Frank A. Weiser, Esq. <br> 3460 Wilshire Boulevard, #1212 <br> Los Angeles, CA  90010 <br> (213) 384-6964; (213) 383-7368 (FAX) <br> maimons@aol.com <br> **Attorneys for Plaintiffs** | John M. Fujii, Esq. <br> Silver & Wright, LLP <br> 3 Corporate Park, Suite 100 <br> Irvine, CA  92606 <br> (949) 207-6804 <br> JFujii@SilverWrightLaw.com <br> msilver@silverwrightlaw.com <br> AJones@SilverWrightLaw.com <br> cwright@silverwrightlaw.com <br> mcorzano@silverwrightlaw.com <br> **Attorneys for Defendant City of Palmdale** |

/ / (BY MAIL) I placed the envelope for collection and mailing on the date shown above, at this office, in Los Angeles, California, following our ordinary business practices.

    I am readily familiar with the office's practice of collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in a sealed envelope with postage fully prepaid.

// (BY FACSIMILE TRANSMISSION) I caused a true and complete copy of the document described above to be transmitted by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

/XX/   (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(es) listed above.

/XXX/ (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on **August 19, 2022** at Los Angeles, California.


                                              _/s/  SHELBY FUJIOKA_
                                                 Shelby Fujioka

1  **FRANK A. WEISER**, State Bar No. 89780
   Attorney at Law
2  3460 Wilshire Blvd., Suite 1212
   Los Angeles, California 90010
3  Telephone: (213) 384-6964
   Facsimile: (213) 383-7368
4  E-Mail:    maimons@aol.com

5

6  Attorney for Plaintiffs
   WILLIAM ROBERT HERRERA,
7  MONA MOLINA HERRERA,
   individually and on behalf of
8  their minor child NOELANI
   PILA HERRERA; WILLIAM
9  RYAN HERRERA; PALMDALE
   LODGING LLC, a California
10 Liability Company

11
                **UNITED STATES DISTRICT COURT**
12
             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
13

14
   WILLIAM HERRERA, et al.,          Case No.: CV16-09453 MWF (FFMx)
15

16          Plaintiffs,              **RESPONSE TO REQUEST
                                     FOR ADMISSIONS,**
17 v                                 **SET ONE**

18
   CITY OF PALMDALE, a municipal
19 corporation ; et al.,

20

21          Defendants.

22

23

24

25

26

27

28

1

PROPOUNDING PARTY: DEFENDANT COUNTY OF LOS ANGELES

RESPONDING PARTY:    PLAINTIFF MONA HERRERA

SET NO.:                     ONE

Pursuant to Federal Rule of Civil Procedure 36., the Plaintiff MONA HERRERA ("Plaintiff") hereby responds to the Request for Admissions, Set One attached hereto as Exhibit "A" propounded by the Defendant COUNTY OF LOS ANGELES ("Defendant").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Deny.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Deny.


Dated: October 22, 2023          LAW OFFICES OF FRANK A. WEISER


By: _____
      FRANK A. WEISER, Attorney
      for WILLIAM ROBERT HERRERA,
      MONA MOLINA HERRERA,
      individually and on behalf of
      their minor child NOELANI
      PILA HERRERA; WILLIAM
      RYAN HERRERA; PALMDALE
      LODGING LLC, a California
      Liability Company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

1  SEKI, NISHIMURA & WATASE, LLP
2  GILBERT M. NISHIMURA (SBN 57905)
   gnishimura@snw-law.com
3  JANET L. KEUPER (SBN 128417)
4  jkeuper@snw-law.com
   600 Wilshire Boulevard, Suite 1250
5  Los Angeles, California 90017
   Tel.: (213) 481-2869 | Fax: (213) 481-2871
6
7  Attorneys for Defendants, COUNTY OF LOS ANGELES, et al.

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  WILLIAM ROBERT HERRERA; MONA MOLINA HERRERA, individually and on behalf of their minor child NOELANI PILA HERRERA; WILLIAM RYAN HERRERA; PALMDALE LODGING LLC, a California Limited Liability Company, | Case No.: 2:16-CV-09453 MWF (FFM) |
| 13 | |
| 14 | **DEFENDANT COUNTY OF LOS ANGELES' REQUEST FOR ADMISSIONS, SET ONE TO PLAINTIFF MONA HERRERA** |
| 15 | |
| 16 | |
| 17 | |
| 18                    Plaintiff, | |
| 19             v. | |
| 20 | |
| 21  CITY OF PALMDALE, a municipal corporation; BUD DAVIS; SARA SHREVES; CITY OF PALMDALE OFFICER RAPOSAS; COUNTY OF LOS ANGELES DEPUTY SHERIFF WALDEN; DEPUTY SHERIFF DOES 1, all such individual defendants sued in their individual and official capacity; DOES 2-10 INCLUSIVE | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27                    Defendants. | |
| 28 | |

**PROPOUNDING PARTY**:    COUNTY OF LOS ANGELES

**RESPONDING PARTY**:    MONA HERRERA

**SET NO.**:              ONE

      Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "COLA"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 36 and 26(1), hereby propounds these Interrogatories directed to Plaintiff MONA HERRERA (hereinafter "Plaintiff.")   Plaintiff is directed to respond to the following requests within thirty (30) days from the date of service.

      The Requests which follow are to be regarded as continuing in nature and YOU (hereinafter "YOU" of "YOUR" includes Plaintiff MONA HERRERA, her counsel, and any consultants, experts, investigators, agents, representatives, or other PERSONS acting on her behalf; hereinafter "PERSON(S)" includes a natural person, partnerships, firms, corporations, associations, or any other kind of business or legal entity) are requested to provide, by way of supplementary answers thereto, such additional information as YOU, or any other person on YOUR behalf, may hereinafter obtain which will augment or otherwise modify the answers now provided.   Such supplementary responses are to be served upon counsel for Plaintiff within thirty (30) days after receipt of such information, but not later than two (2) weeks preceding the date of trial in this action.

      If any information called for in an interrogatory or subpart thereof is withheld on the ground of privilege, provide the information required by the Federal Rules of Civil Procedure for each such interrogatory or subpart objected to on the basis of the claim of privilege.

### **REQUEST FOR ADMISSIONS**

      Defendant, COLA hereby requests that Plaintiff admit the truth of the following matters for the purposes of this action only and subject to all pertinent objections to admissibility which may be interposed at the time of trial:

**REQUEST FOR ADMISSION NO. 1:**

Admit that the face of the Inspection Warrant authorized the inspection of all portions of the premises identified in the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 2:**

Admit that no one from the Los Angeles County Sheriff's Department ("LASD") entered your personal residence on November 17, 2016.

**REQUEST FOR ADMISSION NO. 3:**

Admit that no one from the LASD held you at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 4:**

Admit that no one from the LASD held your daughter, Plaintiff, Neolani Herrera, at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 5:**

Admit that no one from the LASD held your son, Plaintiff, WR Herrera, at gunpoint for over an hour and a half as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 6:**

Admit that no one from the LASD attempted to "bust open a personal safe in the residence" as alleged in Paragraph 24 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Mona Herrera was not refused entry to her personal residence by anyone from the LASD as alleged in Paragraph 26 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no one from the LASD inspected the motel registry as alleged in Paragraph 28 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiffs did not ask anyone from the LASD for a copy of the inspection warrant as alleged in Paragraph 27 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Inspection Warrant was signed by a magistrate.

**REQUEST FOR ADMISSION NO. 11:**

Admit that no County of Los Angeles personnel were present at the motel on December 13, 2016 when the Notice and Oder to Repair and Abate were posted, as alleged in Paragraph 34 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Deputy Sheriff Walden spoke to you regarding relation assistance on or about December 15, 2016.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Deputy Sheriff Walden did not close the motel on December 15, 2016 as alleged in Paragraph 37 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 14:**

Admit that no one from the LASD contacted executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 51 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 15:**

Admit that no one from the LASD contacted executives at Motel 6 about the intended closure of the motel because numerous local and state code violations as alleged in Paragraph 51 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 16:**

Admit that no one from the LASD contacted executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 17:**

Admit that no one from the LASD contacted executives at Motel 6 in order to facilitate the closure of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 18:**

Admit that County officials did not contact executives at Motel 6 related to the inspection of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 19:**

Admit that County officials did not contact executives at Motel 6 in order to facilitate the closure of the motel as alleged in Paragraph 54 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 20:**

Admit that no one from the LASD came onto motel property after Plaintiffs took possession of the motel and demanded to inspect the motel registration records.

**REQUEST FOR ADMISSION NO. 21:**

Admit that no one from the LASD refused to assist and respond to Plaintiffs' calls for service.

**REQUEST FOR ADMISSION NO. 22:**

Admit that no one from the LASD stated to Plaintiff that they were not going to help after Plaintiffs called for service.

**REQUEST FOR ADMISSION NO. 23:**

Admit that no one from the LASD patrolled the common area of the motel daily as alleged in Paragraph 62 of the Second Amended Complaint.

\ \ \

\ \ \

**REQUEST FOR ADMISSION NO. 24:**

Admit that no one from the LASD blocked the ingress and egress of motel tenants and other individuals on a daily basis as alleged in Paragraph 62 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 25:**

Admit that criminal drug activities occurred at the motel property in 2016.

**REQUEST FOR ADMISSION NO. 26:**

Admit that prostitution activity occurred at the motel property in 2016.

**REQUEST FOR ADMISSION NO. 27:**

Admit that criminal arrests for drug activities occurred at the motel property during 2016.

**REQUEST FOR ADMISSION NO. 28:**

Admit that criminal arrests for prostitution occurred at the motel property during 2016.

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU did not meet with County officials in February 2016 related to your plans to rehabilitate the motel.

**REQUEST FOR ADMISSION NO. 30:**

Admit that 30 Los Angeles County Sheriffs were not present at the motel at the time of the inspection as alleged in Paragraph 81 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the Los Angeles County Sheriff Swat Team was not present at the motel assisting in and conducting the inspection as alleged in Paragraph 81 of the Second Amended Complaint.

\ \ \

\ \ \

DEFENDANT COUNTY OF LOS ANGELES' REQUEST FOR ADMISSIONS, SET ONE
TO PLAINTIFF MONA HERRERA

**REQUEST FOR ADMISSION NO. 32:**

Admit that no one from the LASD entered rooms "where the occupants were and tore apart bedding, switch plates, and knocked hole in the walls of the vacant rooms" as alleged in Paragraph 82 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Deputy Sheriffs did not tell motel guests and tenants that they would return to the motel to close it as alleged in Paragraph 84 of the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 34:**

Admit that no one from the LASD violated Plaintiffs' right of access under the Petition for Grievances Clause of the First Amendment.

**REQUEST FOR ADMISSION NO. 35:**

Admit that no one from the LASD violated Plaintiffs' rights of association under the Petition for Grievances Clause of the First Amendment.

**REQUEST FOR ADMISSION NO. 36:**

Admit that no one from the LASD violated Plaintiffs' procedural due process rights.

**REQUEST FOR ADMISSION NO. 37:**

Admit that no one from the LASD violated Plaintiffs' substantive due process rights.

**REQUEST FOR ADMISSION NO. 38:**

Admit that no one from the LASD violated Plaintiffs' rights under the First Amendment.

**REQUEST FOR ADMISSION NO. 39:**

Admit that no one from the LASD violated Plaintiffs' rights under the Fourth Amendment.

\ \ \

DEFENDANT COUNTY OF LOS ANGELES' REQUEST FOR ADMISSIONS, SET ONE
TO PLAINTIFF MONA HERRERA

1

**REQUEST FOR ADMISSION NO. 40:**

2

Admit that no one from the LASD violated Plaintiffs' rights under the Fifth

3

Amendment.

4

**REQUEST FOR ADMISSION NO. 41:**

5

Admit that no one from the LASD violated Plaintiffs' rights under the

6

Fourteenth Amendment.

7

**REQUEST FOR ADMISSION NO. 42:**

8

Admit that you were not injured by any conduct of the LASD.

9

**REQUEST FOR ADMISSION NO. 43:**

10

Admit that YOU were not present when the Los Angeles Sheriff's

11

DEPUTIES searched YOUR private residence as alleged in paragraph 24 of the

12

Second Amended Complaint.

13

14

Dated: August 19, 2022                    SEKI, NISHIMURA & WATASE, LLP

15

16

17

By: /s/ Janet L. Keuper
_____

GILBERT M. NISHIMURA

18

JANET L. KEUPER

19

Attorneys for County Defendants
COUNTY OF LOS ANGELES,

20

DEPUTY SHERIFF MUNOZ, DEPUTY

21

SHERRIFF LEON, DEPUTY SHERIFF
JACOBS, DEPUTY SHERIFF DANA,

22

DEPUTY SHERIFF MYLES, DEPUTY
SHERIFF SORROW, DEPUTY

23

SHERIFF DIAZ, DEPUTY SHERIFF

24

ARCIDIANCONO, DEPUTY SHERIFF
GALLAGHER, DEPUTY SHERIFF

25

WALDEN

26

27

28

## PROOF OF SERVICE
### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1

<u>**William Robert Herrera et al. v. City of Palmdale et al.**</u>
**USDC Case No. 2:16-CV-09453 MWF (FFM)**

2

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is 600 Wilshire Boulevard, Suite 1250, Los Angeles, California 90017.

4

5

On **August 19, 2022**, I served the document described as: **DEFENDANT COUNTY OF LOS ANGELES' REQUEST FOR ADMISSIONS, SET ONE** on the interested parties in the action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

6

7

| | |
|---|---|
| Frank A. Weiser, Esq. | John M. Fujii, Esq. |
| 3460 Wilshire Boulevard, #1212 | Silver & Wright, LLP |
| Los Angeles, CA  90010 | 3 Corporate Park, Suite 100 |
| (213) 384-6964; (213) 383-7368 (FAX) | Irvine, CA  92606 |
| maimons@aol.com | (949) 207-6804 |
| **Attorneys for Plaintiffs** | JFujii@SilverWrightLaw.com |
| | msilver@silverwrightlaw.com |
| | AJones@SilverWrightLaw.com |
| | cwright@silverwrightlaw.com |
| | mcorzano@silverwrightlaw.com |
| | **Attorneys for Defendant City of Palmdale** |

8

9

10

11

12

13

14

/ / (BY MAIL) I placed the envelope for collection and mailing on the date shown above, at this office, in Los Angeles, California, following our ordinary business practices.

15

I am readily familiar with the office's practice of collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in a sealed envelope with postage fully prepaid.

16

17

// (BY FACSIMILE TRANSMISSION) I caused a true and complete copy of the document described above to be transmitted by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

18

19

/XX/   (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(es) listed above.

20

21

/XXX/ (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

23

Executed on **August 19, 2022** at Los Angeles, California.

24

25

_/s/  SHELBY FUJIOKA_
Shelby Fujioka

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "2"**

10/22/23, 7:13 PM

Case 2:16-cv-09453-MWF-MAR Document 206 Filed 10/22/23 Page 41 of 42 Page ID
#:2396

AOL Mail - Re: William Robert Herrera, et al. v. City of Palmdale, et al.

Re: William Robert Herrera, et al. v. City of Palmdale, et al.

From: Frank A. Weiser (maimons@aol.com)

To:  vescalantetroesh@civicalaw.com; mtrujillo@civicalaw.com; lmcelroy@civicalaw.com; echan@snw-law.com

Cc:  jkeuper@snw-law.com; schin@snw-law.com

Date: Sunday, October 22, 2023 at 07:13 PM PDT

Dear Counsel:

I am filing an ex-parte application to withdraw
the admissions to the Request for Admissions,
Set One ("RFAS"), that were previously propounded
to the Plaintiffs William Herrera and Mona
Herrera by the County of Los Angeles ("County").

The County was no longer a party to the action
when the RFAS were propounded, and I believe,
as will be argued in the ex-parte application that
the RFAS were a nullity as a matter of law and
can have no legal effect as to the remaining
parties to the action.

i believe that FRCP Rule 36(b) permits the
withdrawal and in fact, respectfully, compels
the granting of the application under these
circumstances.

I will be filing the application shortly, and I would
appreciate your e-mailing me your position on
the application tomorrow after reviewing it.

I appreciate your courtesy and cooperation in the matter.

Sincerely,

Frank A. Weiser
Attorney at :Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, CA 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

10/22/23, 7:13 PM    AOL Mail - Re: William Robert Herrera, et al. v. City of Palmdale, et al.

Case 2:16-cv-09453-MWF-MAR   Document 206   Filed 10/22/23   Page 42 of 42   Page ID #:2397