| | |
|---|---|
| 1 | SEKI, NISHIMURA & WATASE, LLP |
| 2 | GILBERT M. NISHIMURA (SBN 57905) |
|   | gnishimura@snw-law.com |
| 3 | JANET L. KEUPER (SBN 128417) |
| 4 | jkeuper@snw-law.com |
|   | 600 Wilshire Boulevard, Suite 1250 |
| 5 | Los Angeles, California 90017 |
| 6 | Tel.: (213) 481-2869 | Fax: (213) 481-2871 |

Attorneys for County Defendants DEPUTY CHARLES DANA, DEPUTY BRANDON JACOBS, DEPUTY GUSTAVO MUNOZ, DEPUTY RICHARD LEON, DEPUTY FRANK ARCIODIANCONO, DEPUTY JOHN GALLAGHER, DEPUTY SCOTT SORROW, DEPUTY DESHAWN MILES, DEPUTY STEVE DIAZ AND DEPUTY WYATT WALDRON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT HERRERA; et al., | Case No.: 2:16-cv-09453 MWF (FFM) |
| Plaintiffs, | Honorable Michael W. Fitzgerald<br>Magistrate Judge Margo A. Rocconi |
| vs. | **OPPOSITION OF COUNTY DEFENDANTS TO PLAINTIFFS' EX PARTE APPLICATION TO WITHDRAW REQUESTS FOR ADMISSIONS** |
| CITY OF PALMDALE, et al., | |
| Defendants. | |
| | [*Declaration of Janet L. Keuper filed concurrently herewith*] |
| | Date:    October 30, 2023<br>Time:    10:00 a.m.<br>Location: 350 West First Street<br>Courtroom 5A<br>Los Angeles, CA  90012 |
| | **Trial:    February 27, 2024** |

TO THE HONORABLE JUDGE MICHAEL W. FITZGERALD AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Defendants, Deputy Charles Dana, Deputy Brandon Jacobs, Deputy Gustavo Munoz, Deputy Richard Leon, Deputy Frank Arciodiancono, Deputy John Gallagher, Deputy Scott Sorrow, Deputy Deshaun Miles, Deputy Steve Diaz and Deputy Wyatt Waldron (collectively hereinafter "County Defendants") hereby oppose Plaintiff's untimely ex parte application to withdraw Requests for Admissions.

The County, on behalf of the County Defendants, served the subject Requests for Admissions on Plaintiffs on **August 19, 2022**. At no time in the intervening fourteen (14) months have Plaintiffs objected to the propounding party for these discovery requests. In fact, several discovery requests were served at the same time as the subject Requests for Admissions, including Special Interrogatories and Requests for Production of Documents. In email communication to Plaintiffs' counsel regarding the failure of Plaintiffs to timely respond, at no time was objection raised as to the propounding party for the discovery. [Declaration of Janet L. Keuper ("Keuper Dec."), ¶ 4.] Thereafter, Plaintiffs ultimately responded to the Special Interrogatories and Request for Documents served by the County on behalf of the County Defendants on December 12, 2022. [Keuper Dec. ¶ 6.] At no time was there objection to the propounding party for those discovery requests. Additionally, as counsel references in his ex parte, Plaintiffs served responses to the discovery propounded by the County but failed to do anything to correct the procedural deficiencies of failure to timely serve responses. Any objection to the propounding party, being the County on behalf of the County Defendants, has been waived. Fourteen months have passed and after failing to timely respond, failing to seek relief from the Admissions despite requests to do so, and failing to timely oppose the motion

for summary judgment, Plaintiffs ask this Court for ex parte relief.  No good cause is shown, and the ex parte request should be denied.

In addition to the failure to timely object, Plaintiffs have failed to show any good cause for seeking this ex parte relief.  Plaintiffs failed to timely respond to the Requests for Admissions, failed to seek any type of timely relief from those Admissions, failed to respond to meet and confer efforts regarding the Admissions, and failed to oppose the Motion for Summary Judgment based on the Admissions.  Plaintiffs' counsel admits that no opposition was filed to the Motion for Summary Judgment.   In his ex parte, Plaintiffs' counsel refers to past declarations pointing to his medical issues and case backlog as the reasons for failing to file oppositions to the pending motions, but these are the same issues raised repeatedly by Plaintiffs' counsel to avoid his obligations and duties to prosecute this case.  There is no good cause shown for the relief Plaintiffs are seeking.  There is nothing in the ex parte request that points to some exigent circumstance preventing counsel from timely opposing the motion for summary judgment, particularly after he requested and obtained additional time to do so.

There is no showing of good cause for ex parte relief, fourteen months after service of the Requests and one week before hearing on a Motion for Summary Judgment filed over one month ago.

///
///
///
///
///
///
///
///

1  The County Defendants respectfully request that the ex parte be denied.

2  Respectfully Submitted,

4  Dated: October 23, 2023    SEKI, NISHIMURA & WATASE, LLP

By:   /s/ JANET L. KEUPER
      JANET L. KEUPER
      Attorneys for County Defendants,
      DEPUTY CHARLES DANA,
      DEPUTY BRANDON JACOBS,
      DEPUTY GUSTAVO MUNOZ,
      DEPUTY RICHARD LEON, DEPUTY
      FRANK ARCIODIANCONO,
      DEPUTY JOHN GALLAGHER,
      DEPUTY SCOTT SORROW,
      DEPUTY DESHAWN MILES,
      DEPUTY STEVE DIAZ AND
      DEPUTY WYATT WALDRON